25864. HYMAN et al. v. PRUITT, Chairman.

UNDERCOFLER, Justice. Irwin Barry Hyman and 10 others filed a complaint in the Superior Court of Gwinnett County against W. R. Pruitt, Chairman of the Gwinnett County Board of Commissioners, and the other members of the commission, as the governing authority of Gwinnett County, and against Gwinnett County, Georgia. The complaint sought to have declared illegal the action of the defendants in denying a conditional use permit for a mobile home park, to have a mandamus absolute against the defendants requiring the issuance of said conditional use permit, and that Paragraph 55 of Article III of "The Zoning Resolution of Gwinnett County, Georgia" be declared illegal and unconstitutional. *Held:*

1. The Zoning Resolution for the Unincorporated Areas of Gwinnett County, Georgia, provides: "Appeal from a decision of the Planning Commission involving an application for a use permit for a conditional use shall be to the governing authority of Gwinnett County. Such appeal must be filed within ten (10) days after the decision appealed from is rendered. A majority vote of the Governing Authority, expressing willingness to review such decision shall be necessary before such appeal may be heard by this body." Article XXI, D, 2. The appellant contends that the word "filed" in this provision means the filing in writing of such an appeal within ten days. The minutes of the county commissioners show that J. R. Purdy came before the commission within 10 days of the granting of the use permit and requested the appeal. The board unanimously agreed to grant the appeal apparently without a formal filing thereof. A full hearing was later conducted and the appellants presented their plans to the board. The appellants did not object to the informal procedure of the commissioners in granting the appeal. Without deciding that an appeal is required to be in writing, we hold that the appellants waived any objection they might have had to the

manner of "filing" of the appeal by not raising such objection before the county commissioners. Compare Lapham v. Roulan, 10 Misc. 2d 152 (169 NYS2d. 346). "Generally, questions or objections which were not raised or urged in the original proceedings for review of a decision or order of a zoning official or board will not be considered on further review." 101 CJS 1227, § 379.

2. The Zoning Resolution for the Unincorporated Areas of Gwinnett County, Georgia, provides: "Article V. Agricultural Residential Districts RA 200. . . As the need and demand for additional open land suitable for urban development is determined by the Planning Commission, selected portions of this Agricultural District may be rezoned for more intensive forms of development. It is the intent of the regulations of this district to discourage the subdivision of land for typical urban type lots requiring urban services such as schools, sewers, fire protection, etc. . . C. Conditional Uses: Upon application to the Planning Commission and favorable decision thereon, the uses enumerated below may be permitted in the Agricultural Residential (RA-200) District. The Commission may approve or deny such applications as submitted, or may approve the application subject to specified conditions. For description of standards to be reviewed, refer to Article III, A, No. 55 . . . 8. . . . mobile home parks when located on a State or Federal highway." Article III, A, No. 55 provides: *Conditional Uses*: It is a use presumed to have certain characteristics of operation which could, under certain conditions, be detrimental to the neighborhood and to abutting property. For this reason, review by the Planning Commission of the technical merits of each such use is required prior to such use being permitted to locate on a specific site within the district. It is the intent of this resolution that such review of the technical factors involved in an application for a conditional use not have the form or nature of a public hearing. To clarify questions concerning potential impact of such use the Commission may hear or request testimony from residents of the area involved but advertising or posting of such application is not required or intended. It shall be the presumption of the Planning Commission that a use listed as conditional is eligible for location within a district in which it is enumerated, provided it can clearly demonstrate the following conditions exist:

a. Adequate provision is made such as setbacks, fences, buffer or planting strips, to protect adjacent properties from possible adverse influence of the proposed use such as noise, vibration, dust, glare, odor, traffic congestion and similar facts. b. Vehicular traffic and pedestrian movement on adjacent streets will not be hindered or endangered. c. Off-street parking and loading areas and the entrances and exits of these areas will be adequate in terms of location, amount, design and construction to serve the proposed use. d. The proposed use will not adversely affect the level of property values or general character of the nearby area. In approving a conditional use, the Planning Commission may impose such reasonable restrictions and conditions as in its opinion will accomplish the intent of this resolution."

Article 5, C, supra, provides that the planning commission may approve or deny such applications for conditional uses when certain standards are met. As pointed out in the preceding division, the decision of the planning commission is an appealable decision to the governing authority of Gwinnett County. The governing authority of Gwinnett County refused to grant the conditional use permit. To entitle one to the writ of mandamus, it must appear that the applicant has a clear legal right to have performed the particular act which he seeks to have enforced. Code § 64-101; *City of Decatur v. Fountain,* 214 Ga. 225 (1) (104 SE2d 117); *Howard Simpson Realty Co. v. City of Marietta,* 220 Ga. 727 (141 SE2d 460).

Since the granting of a conditional use permit is discretionary with the planning commission and its reviewing body, this discretion will not be controlled by this court. The trial judge properly denied the prayers of the complaint and refused to grant a mandamus.

3. In view of the above rulings, it is not necessary to decide the other enumeration of error.

4. It follows that the judgment dismissing the appellants' complaint was proper.

*Judgment affirmed. All the Justices concur.*

ARGUED JUNE 8, 1970—DECIDED JULY 9, 1970— REHEARING DENIED JULY 28, 1970.

*Kaler, Karesh, Rubin & Frankel, Martin H. Rubin,* for appellants.

*Stark & Stark, Homer M. Stark,* for appellee.