25907.   PRUITT, Chairman, et al. v. MEEKS et al.

ARGUED JULY 13, 1970—DECIDED SEPTEMBER 10, 1970.

*G. Hughel Harrison, James W. Garner,* for appellants.

*Webb & Fowler, Jones Webb, Stark & Stark, Homer M. Stark,* for appellees.

FELTON, Justice. 1. The ordinance in question provides that the governing authority may grant or deny the application for a conditional use permit. On its face the decision of this court in *Hyman v. Pruitt,* 226 Ga. 625, may be construed to mean that the governing authority of Gwinnett County had an unbridled discretion to grant or deny an application for such a permit and that its decision was therefore not reviewable here. In view of the cases hereinafter cited, it is so plain that in such cases where ordinances prevent property owners from using their property as they choose, the test of the validity of the ordinance and action thereunder is whether the action of the governing authority is arbitrary, capricious and unreasonable in the exercise of its discretion, and is reviewable as to such question. The trial court in the *Hyman* case affirmed the refusal to grant the permit because as a matter of law the applicant had failed to follow the ordinance and show that he had complied with its requirements, which was true under the evidence. The decision of this court in that case should be construed to mean that the discretion of the governing authority was not abused.

2. The governing authority in this case did not abuse its discretion in denying the application for the conditional use permit for the reasons given by it and the court erred in granting the petition for a writ of mandamus requiring the issuance of the permit. This is true for the reasons stated later, as given by the governing body. The planning commission and governing body are not required to issue a permit merely because a detailed application is filed. The governing body has elected, granting or denying applications for conditional uses, the exercise of its independent judgment to see that the use sought complies with the required standard, rather than to utilize public hearings in helping to make the judgment. In this kind of case the facts as to proposed use must be weighed in the light of the particular neighborhood situation and circumstances and the effect of the use thereon. In this case the trial on appeal was de novo and the original application made before the action of the planning commission was the only one considered. The

action by governing authorities with legal authority to zone and restrict the use of property will not be disturbed by the courts unless they are clearly arbitrary and unreasonable. Gorieb v. Fox, 274 U. S. 603 (47 SC 675, 71 LE 1228); Euclid v. Ambler Realty Co., 272 U. S. 365 (47 SC 114, 71 LE 303, 54 ALR 1016); *Schofield v. Bishop,* 192 Ga. 732, 740 (16 SE2d 714); Zahn v. Board of Public Works, 274 U. S. 325 (47 SC 594, 71 LE 1074) and cit. The same reasoning was applied in *Morgan v. Cherokee Hills Development Co.,* 226 Ga. 60 (172 SE2d 669); *Nichols v. Pirkle,* 202 Ga. 372 (2) (43 SE2d 306); *City of Atlanta v. Awtry & Lowndes Co.,* 205 Ga. 296 (4) (53 SE2d 358). In the applicable regulations, a conditional use is defined as one which is "presumed to have certain characteristics of operation which could, under certain conditions, be detrimental to the neighborhood and to abutting property." Zoning Resolution for Unincorporated Areas of Gwinnett County, Ga., p. 9. This seems to us to mean that a primary showing in an application such as we have in this case is that no detrimental and harmful consequence will result from the proposed use of the properties affected. See *Nichols v. Pirkle,* supra. The governing authority in this case found, among other things, (1), that the applicant had not justified a specific need for additional housing of this type in this area; (2, 3), that the plan proposed included a provision for a shopping center, not permitted in this kind of use and that provision for sewerage was not shown for over 200 proposed trailer locations; (4), that schools could not adjust to resulting increase in enrollment, and (5), that the proposed use would be inconsistent with surrounding farms and homes and would seriously interfere with proper planning in this rural area and adversely affect the general character of the nearby area.

3. The great weight of authorities is in accord with the ruling in this case, as shown in Zoning and Practice (3d Ed.) by Yokley. The citation of the numerous authorities cited in that work will unduly burden this opinion and we think it sufficient to call attention to that work and the discussion and cases cited.

*Judgment reversed. All the Justices concur.*