26551.   FORBES et al. v. LOVETT et al.

ARGUED JUNE 14, 1971—DECIDED JULY 9, 1971.

*Morton G. Forbes, Aron G. Weiner,* for appellants.
*Anton F. Solms, Jr.,* for appellees.
GRICE, Justice. We are called upon to decide whether two indi-

viduals are entitled to membership on the Civil Service Board of Chatham County, Georgia. Morton G. Forbes and David H. Weiner asserted their claims in a complaint filed in the superior court of that county against Robert F. Lovett and others, as Commissioners of Chatham County and Ex Officio Judges, and the county. The complaint sought mandamus requiring the defendants to appoint the plaintiffs to their posts on such board in compliance with Georgia Laws 1969, page 2985, and other relief not necessary to recite here.

The complaint alleged, in material part, the following. The General Assembly, pursuant to a constitutional amendment, created a Civil Service System for Chatham County, established a Civil Service Board and provided the powers and duties thereof by virtue of Georgia Laws 1956, page 2456, as amended by Georgia Laws 1961, page 3072, as amended by Georgia Laws 1969, page 2985. The said 1969 Act provided that an election should be called by the ordinary of the county to elect two additional members to the board, and pursuant thereto he called the election, which was held on January 26, 1971. The plaintiffs were duly elected to the board and would be eligible to serve after taking the oath of office. On January 27, 1971, the ordinary certified the election of the plaintiffs to the defendants.

The complaint also alleged that the 1969 Act provides that within three days following the election it shall be the duty of the defendants to appoint the elected candidates to the board. On January 27, 1971, the plaintiffs advised the defendant that they intended to appear before the January 29, 1971, regularly scheduled board meeting as required by law. On said date they appeared but the defendants declined to appoint them. It was and is the duty of the defendants to appoint the plaintiffs to such posts, and in refusing to do so the defendants acted arbitrarily and capriciously and without any basis or legal justification. Plaintiffs seek hereby to enforce a public duty which the defendants owe, and they have no adequate remedy except by this proceeding. The defendants should be required by mandamus to appoint plaintiffs to the board in compliance with the 1969 Act.

To the aforesaid complaint the defendants filed a motion to dismiss.

This motion recited in substance that the complaint fails to state a claim upon which relief can be granted; that it fails to show that the defendants were under a clear legal duty requiring them to perform the acts demanded of them; and that it violates the uniformity clause of the State Constitution (Art. I, Sec. IV, Par. I).

The motion also points out that under this Home Rule Amendment the Board of Commissioners of Chatham County was granted the authority to enact ordinances pertaining to Civil Service Boards affecting Chatham County, rather than the General Assembly. Pursuant thereto, Chatham County on January 15, 1971, enacted the "Chatham County Civil Service System Ordinance," by which ordinance the 1956 Act of the General Assembly and all amendments thereto, including the 1969 Act, were expressly repealed. As a result of this ordinance Chatham County established a new Civil Service System for its employees and provided for the appointment of a Civil Service Board. Copies of this ordinance and notice of publication and affidavit of publication were filed in the office of the Secretary of State on February 1, 1971.

The motion averred that the plaintiffs in the mandamus action have no legal right in view of such 1971 ordinance.

Thereafter the trial court entered an order which recited that the 1969 Act is contrary to the 1966 Home Rule Amendment for Counties to the Georgia Constitution (*Code Ann.* § 2-8402 et seq.), is unconstitutional, sustained the motion to dismiss, and denied the mandamus.

The appeal is from this judgment.

We conclude that the 1969 Act, by virtue of which the plaintiffs claim right to office, was repealed by the 1971 ordinance, as authorized by the 1966 Home Rule for Counties Amendment to the State Constitution.

Paragraph I (a) (*Code Ann.* § 2-8402) of the Home Rule for Counties Amendment empowers the governing authority of each county to adopt legislation "relating to its property, affairs and local government for which no provision has been made by general law and which is not inconsistent with this Constitution, or any local law applicable thereto. Any such local law shall remain

in force and effect until amended or *repealed* as provided in sub-paragraph (b)." (Emphasis supplied).

Pursuant to the above section Chatham County passed the 1971 ordinance specifically repealing the 1956 local Act and all amendments thereto. As a result of the adoption of this ordinance a new Civil Service System was created and established in Chatham County providing the procedures for the appointment of a Civil Service Board in accordance with its terms.

Therefore, the plaintiffs have no legal right in this mandamus action. The 1969 local Act, under which they claim appointment, was expressly repealed by the 1971 ordinance under the power granted Chatham County by the Home Rule Amendment.

The plaintiffs urge that at the time they appeared before the board for appointment, on January 29, 1971, the ordinance was not in effect since it was not certified by the Secretary of State as required by the Home Rule Amendment (*Code Ann.* § 2-8405) until February 1, 1971. Thus, it is argued, the defendants were at that time under a clear legal duty to appoint them to the board by the terms of the 1969 Act.

Even assuming this to be a correct interpretation, this question is now moot. The ordinance did become effective on February 1, if not before, and although the plaintiffs may have been entitled to mandamus on January 29, it cannot be said that they are so entitled now.

Therefore, we find that the part of the order of the trial court sustaining the defendants' motion to dismiss and denying the plaintiffs' mandamus was correct. Under the view we take it is not necessary to rule upon the constitutional questions raised below.

*Judgment affirmed. All the Justices concur.*