27063.   GIFFORD-HILL & COMPANY, INC.
v. HARRISON et al.
27064.   HAWKINS et al. v. HARRISON et al.

ARGUED APRIL 12, 1972—DECIDED JUNE 16, 1972—
REHEARING DENIED JUNE 28, 1972.

*Richard A. Newton, Norman L. Underwood, Sanders, Hester, Holley, Ashmore & Boozer, Piers J. Weyant, John L. Taylor, Jr.,* for appellant, Case 27063.

*Davis & Stringer, Robert H. Stringer,* for appellant, Case 27064.

*George P. Dillard, Eugene R. Simons,* for appellees.

NICHOLS, Justice. These appeals are from a judgment of the Superior Court of DeKalb County dismissing a petition for mandamus. The issue made by the pleadings was whether a conditional use permit should have been granted as a matter of right. The appeal was dismissed upon the defendants' motion that the petitioner had no legal standing to the relief sought. Gifford-Hill & Company, Inc., the original petitioner, held a lease option to the property. By a motion to intervene, W. A. Kelly and L. Henderson Hawkins became parties prior to the appeal to this court. An appeal was prematurely taken to the judgment permitting such intervention and dismissed prior to the present appeal reaching this court (*Harrison v. Hawkins,* 228 Ga. 522 (186 SE2d 779)), and no cross appeal has been filed to the present appeals.

In March, 1971, applications were made for development and building permits on the subject property to the proper DeKalb County officials. These permits were denied. Appellant Gifford-Hill then instituted an action in the trial court

for mandamus, requiring the Board of Commissioners of DeKalb County and its employees to issue the necessary permits.

The trial court dismissed the action of the appellant Gifford-Hill on the ground that it had no legal interest in the subject property so as to entitle it to a writ of mandamus. Thereafter the property owners, the other appellants here, who had optioned the property to Gifford-Hill, were allowed by the court to intervene in the case and prosecute their appeal along with that of Gifford-Hill; this accounts for two cases being docketed in this court.

The facts giving rise to this litigation are, briefly stated as follows: Gifford-Hill acquired the subject property, by option and otherwise, to be used for a stone-crushing operation. On June 12, 1970, when Gifford-Hill sought authorization from the proper officials to use the subject property, it was zoned "Industrial District M." The zoning ordinance provided that in "Industrial District M" certain "conditional uses" were permitted "upon application to the planning commission and favorable decision thereof." Among the "conditional uses" permitted was the following: "16. Development of natural resources, including the removal of minerals and natural materials, together with necessary building, machinery and appurtenances thereto, subject to the conditions of operation described in the R-150 Residential District; however, the requirement pertaining to fences may be waived by the Planning Commission in this district." The authorization requested by Gifford-Hill to use the subject property for a crushed-stone plant was denied by the planning commission on July 8, 1970. Gifford-Hill duly appealed this decision to the board of commissioners. DeKalb County enacted a new zoning ordinance on July 28, 1970, and that ordinance rezoned the subject property so as to prohibit a crushed-stone operation on it. On December 8, 1970, Gifford-Hill's appeal was heard by the board of commissioners, and the appeal was denied by a two to two vote, one commissioner abstaining from voting.

It was then that Gifford-Hill filed the mandamus action

referred to above; that action was dismissed by the trial court; the intervention of the appellant property owners was allowed; and both appeals are here for review.

Appellants contend that Gifford-Hill is entitled to use the subject property pursuant to the zoning ordinance in existence on June 12, 1970, when it properly applied for the required authorization to use the property for the purpose of a crushed-stone operation. They further contend that the rezoning of the subject property by the July 28, 1970, ordinance, which prohibited a crushed-stone operation on the subject property, cannot defeat or cut off their right to use the property for that purpose, and that the appellees should be required by the court to issue the necessary authorization to use the property for a crushed-stone operation pursuant to the zoning ordinance in effect on the date that the authorization was requested.

The appellees take the position that Gifford-Hill was not entitled to authorization to use the property for a crushed-stone operation under the old zoning ordinance (prior to July 28, 1970), that it had not complied with the conditions and requirements called for under that ordinance, that its application was properly denied by the planning commission on July 8, 1970, that its appeal was properly denied by the board of commissioners on December 8, 1970 (the zoning having been changed by that time), and that the trial court properly dismissed the mandamus action filed in March of 1971.

The trial court's dismissal of Gifford-Hill's complaint was erroneous. This dismissal must have been predicated on the case of *Lemmons v. City of Decatur,* 215 Ga. 647 (112 SE2d 597), which was decided on the issue pleadings rule then in effect. That case held that the allegations in the petition were conclusions which were entirely unsupported by allegations of fact, and that a general demurrer filed in opposition to the petition for mandamus was properly sustained. That case is distinguishable on that basis, and it is therefore unnecessary to overrule that decision. In any event, *Lemmons* is conflict with *Clairmont Development Co. v.*

*Morgan,* 222 Ga. 255 (149 SE2d 489), wherein this court held that an "optionee and holder and obligee of a contract to purchase a described tract of land in Gwinnett County" was entitled to bring an action for mandamus to compel zoning officials to issue it a certificate of zoning compliance which was prerequisite to issuance of a building permit.

It should be made clear that a party holding an option from the owner of land, an agent of the owner of land, or a party standing in any other contractual relationship with the owner of land can bring an action to require municipal and county governing bodies and their employees to issue permits which zoning regulations say must be issued before construction or occupancy can begin.

The last sentence of Art. XV of the "1970 Zoning Ordinance of DeKalb County, Georgia," enacted July 28, 1970, provides as follows: "Prior ordinances shall remain in effect insofar as required for the initiation of any proceedings against such violations and for the prosecution of any violations heretofore commenced."

Appellants contend that the governing authority and its employees violated the prior ordinance by denying them authority to use the property for the use requested and by denying the appeal on December 8, 1970. The record shows that the appeal by Gifford-Hill was commenced on July 17, 1970, prior to the enactment of the rezoning ordinance on July 28, 1970. Therefore, it is clear that by the very terms of the July 28th ordinance, "prior ordinances shall remain in effect . . . for the prosecution of any violations heretofore commenced."

Thus, the appellants, if entitled to the permit requested on June 12, 1970, are not barred by the enactment of a new ordinance in July 1970 from seeking the writ of mandamus under the decisions of this court in *Gay v. Mayor of Lyons,* 212 Ga. 438 (4) (93 SE2d 352), and *Forbes v. Lovett,* 227 Ga. 772, 775 (183 SE2d 371).

With respect to the substantive contention of Gifford-Hill, it was entitled to the authorization to use the subject land

which it made application for on June 12, 1970, pursuant to the zoning ordinance in effect on June 12, 1970, and the planning commission had no legal right to deny this authorization on July 8, 1970, and the board of commissioners had no legal right to deny its appeal on December 8, 1970.

Art. III, Sec. VII, Par. XXIII of the Constitution of 1945 (*Code Ann.* § 2-1923) provided that the General Assembly could grant to counties the authority to enact zoning and planning laws. In 1966 the "Home Rule for Counties Amendment" (Art. XV, Sec. II-A, Par. I; *Code Ann.* § 2-8402) was ratified, and it eliminated the necessity for enabling legislation by the General Assembly before a county could enact zoning and planning laws. In other words, the 1966 Amendment gave counties direct authority to enact zoning and planning laws. See *Johnston v. Hicks,* 225 Ga. 576 (170 SE2d 410). However, the 1966 Amendment does not enlarge or diminish the power of a county to zone as set forth in the Constitution—it merely eliminates the necessity for prior authorization by the General Assembly to use the power conferred by the Constitution for counties to zone.

The constitutional power for counties to zone is contained in the Constitution (Art. III, Sec. VII, Par. XXIII; *Code Ann.* § 2-1923), supra, and is as follows: " . . . authority to pass zoning and planning laws whereby such cities or counties may be zoned or districted for various uses and other or different uses prohibited therein; and regulating the use for which said zones or districts may be set apart, and regulating the plans for development and improvements on real estate therein."

It is therefore clear that a county governing authority can create geographical areas within the boundaries of a county which are called zones; the governing authority can declare that the land in a zone can be used only for specified purposes or uses and that all other specified purposes or uses of the land in that zone are prohibited; and only after the uses that are permitted on the land in a zone have been declared, may reasonable regulations regulating

those permitted uses be applied and enforced by the governing authority.

On June 12, 1970, when Gifford-Hill made its application for authorization to use the subject land, that land was zoned for the use for which the applicant applied. Gifford-Hill was therefore entitled to the requested authorization to use the land as permitted in that zone. Reasonable conditions and reasonable regulations regulating the use of the land, if contained in the zoning ordinance, could also be enforced by the governing body, but such reasonable conditions and regulations imposed upon a use of land cannot justify a refusal or a delay in issuing an authorization to "use the land" for a use permitted by the ordinance in the zone in which the land is located. Reasonable regulations and reasonable conditions imposed upon a "use of land" are regulations and conditions subsequent to the "permitted use," and these conditions and regulations subsequent are enforced by the withholding of building permits and occupancy permits.

The enabling legislation for DeKalb County (Ga. L. 1956, p. 3332), which apparently has not been repealed pursuant to the provisions of the 1966 "Home Rule for Counties Amendment," provides for the enforcement of the zoning ordinances by means of withholding of building permits and occupancy permits, and it provides that it is unlawful to construct a building without first getting a building permit and that it is unlawful to occupy a building or land without first getting an occupancy permit. See Sec. 12 of that Act.

In this State when land is zoned for a particular use, and an applicant properly applies for authorization to use the land for that particular use, he is entitled to have such authorization issued; an applicant must thereafter comply with all reasonable conditions and requirements imposed upon the use of the land, and if he fails to do so the governing authority can withhold building permits and occupancy permits to enforce compliance with these regulations and conditions subsequent; but a governing authority cannot deny or postpone requested authorization to use the land for a permitted use and then defeat the applicant's

right by thereafter rezoning the land.

The owner of land, or one in contractual relationship with the owner, has a right to be issued authorization to use the land for the purpose for which it is zoned at the time he makes his application for such authorization; the governing authority can thereafter rezone the land to prohibit a use previously permitted, and by such rezoning the previous use thereby becomes a nonconforming use which under the rezoning can be required to terminate within a reasonable time; but a governing authority cannot deny or postpone authorization for a permitted use with a view toward rezoning said land in the future so as to prohibit by rezoning a use that was permitted at the time the application was either denied or postponed. In *Howard Simpson Realty Co. v. City of Marietta,* 220 Ga. 727 (141 SE2d 460), this court said: " . . . The only reason given by the defendants for their refusal to issue the permits applied for in the instant case is the intention of the defendant city to zone the petitioner's property for a different use . . . this is not a valid reason for refusing to grant the permits applied for."

Gifford-Hill was entitled to authorization to use the subject property for the use applied for on June 12, 1970; its use and occupancy of the subject land pursuant to that authorization was and is subject to all reasonable regulations, conditions, and restrictions imposed by the ordinance on the use permitted in that zone; and that use permitted in that zone prior to July 28, 1970 became and continues to be a "nonconforming use" under the terms of the July 28, 1970 ordinance, but such a "nonconforming use" can nevertheless be continued pursuant to the provisions of the new ordinance.

The trial court erred in dismissing the petition for mandamus.

*Judgment reversed. All the Justices concur, except Grice, P. J., who concurs specially and Jordan, J., who dissents.*