27322. STALLINGS et al. v. PRIME AMERICA CORPORATION.

Gunter, Justice. The appellee brought a mandamus action in the trial court against appellants, officials of the City of Carrollton, seeking to require them to issue a building permit applied for but denied by the city. The matter was submitted to the trial judge on an agreed statement of facts; he found in favor of the applicant-appellee; and his judgment directed that the city officials issue the building permit applied for.

The city officials have appealed, contending that the appellee's building plans and property did not comply with the city's zoning ordinance, and that the city could legally deny the building permit applied for.

Appellee presented plans to the city for the construction of

a drive-in restaurant with off-street parking on property located partially in a commercial zone and partially in a residential zone. The restaurant was to be constructed on the commercial part of the lot, and that part of the lot zoned residential was to be devoted only to off-street parking.

The applicable provision of the City zoning ordinance is as follows: "§ 80.2. Any required parking lot may extend up to 120 feet into area zoned for residential, provided the parking area adjoins a commercial, industrial, or professional service district; has its only access to, or fronts on, the same street as the property in such commercial, industrial, or professional service district; and is separated from abutting properties in a residential district by a five-foot wide planted buffer strip."

The part of the lot zoned residential, and which will be used only for off-street parking, does not extend for more than 120 feet into the residential zone; the part of the lot zoned residential abuts a commercial zone; the part of the lot zoned commercial fronts on Maple Street, and the part of the lot zoned residential fronts on Cunningham Drive (the shape of the entire lot being in the form of an "L"); however, the construction plans show that the only means of ingress and egress to the entire lot is from Maple Street, the commercial end of the lot; the plans show no means of ingress and egress to Cunningham Drive, the residential end of the lot.

The construction plans also show that the part of the lot zoned residential is separated from abutting residential properties by the required buffer strip. Therefore, the appellee contended that it had fully complied with the above quoted provision of the city zoning ordinance.

The appellants contend that since the part of the lot zoned residential fronts on Cunningham Drive and has access to Cunningham Drive the property does not comply with the above quoted provision of the ordinance, and a building permit must therefore be denied.

Since the entire lot fronts on Maple Street, such frontage

being in a commercial zone, and since the construction plans show that the only access to and from the entire lot is on Maple Street, we agree with the trial judge that the applicant complied with the zoning requirements and was entitled to the building permit applied for.

The mere fact that the end of the lot zoned residential does front on Cunningham Drive, a residential street, and that there could be ingress and egress to and from Cunningham Drive does not violate the zoning requirement. The construction plans clearly show that there is no access to the entire lot from Cunningham Drive.

The word "access" means one thing in the area of real property law and means an entirely different thing in the area of zoning law. We interpret the zoning requirement in this case to mean that if property zoned residential is used for off-street parking as the ordinance permits, then the access to the parking lot for vehicles can not be from a residential street.

Appellee's entire lot fronts on a commercial street, Maple Street; the construction plans showed that the only access to the entire lot is on Maple Street; therefore, appellee complied with the zoning requirements and was entitled to the building permit.

*Judgment affirmed. All the Justices concur.*

Argued July 10, 1972—Decided September 7, 1972.

Mandamus. Carroll Superior Court. Before Judge Knight.

*Wiggins & Camp, William J. Wiggins, Daniel P. Camp,* for appellants.

*Fred D. Bentley, Sr.,* for appellee.