27473. JACKSON v. ABERCROMBIE et al.

NICHOLS, Justice. This appeal arises out of a complaint seeking a writ of mandamus to require the Board of Commissioners of Clayton County to issue a conditional use permit. The trial court found that the proposed use was a conditional use in the zone where the applicant's property was located and that the evidence presented showed a compliance with all the requirements set forth

in the zoning ordinance. The trial court further found that evidence had been presented to the county commissioners which would permit them in their discretion to refuse the permit. The trial court denied the mandamus absolute and the present appeal is from such judgment. The sole enumeration of error complains of the entry of such judgment. *Held:*

Under the decision in *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85), and the authorities there cited, the trial court erred in refusing to grant the mandamus absolute.

While the enabling legislation in the *Gifford-Hill* case was a local Act relating to DeKalb County and the enabling legislation upon which the ordinance in the Clayton County case was based was a general Act (Ga. L. 1957, p. 420; *Code Ann. Ch.* 69-12), the language in both Acts requires enforcement by the withholding of building permits, etc. and does not permit a use permit to be withheld based upon the discretion of the authorities.

Unlike the zoning ordinance dealt with in *Hyman v. Pruitt,* 226 Ga. 625 (176 SE2d 707), where no standards were set forth for conditional uses in the ordinance, here the ordinance set forth the standards to be complied with and the applicant admittedly met such standards. In setting explicit standards to be met in the ordinance, the authorities exercised their discretion. Compare *Rogers v. Mayor &c. of Atlanta,* 110 Ga. App. 114 (137 SE2d 668).

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs specially, and Undercofler, J., who dissents.*

ARGUED OCTOBER 10, 1972—DECIDED NOVEMBER 30, 1972.

*Albert B. Wallace,* for appellant.

*John R. McCannon, Glaze & Glaze, George E. Glaze,* for appellees.

JORDAN, Justice, concurring specially. I concur in the judgment based solely on the holding in *Gifford-Hill Co. v. Harrison,* cited in the opinion, to which I dissented.

UNDERCOFLER, Justice, dissenting. In my opinion the instant case is controlled by *Hyman v. Pruitt,* 226 Ga. 625 (176 SE2d 707). I would affirm the judgment of the trial court.

*Gifford-Hill & Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85) is not applicable in this case. There the granting of the conditional use permit was not discretionary.

The fact that the conditions may be enforced by the withholding of building permits and occupancy permits applies only after the conditional use has been granted. In the instant case, under the discretionary powers of the commission, the conditional use was denied.