### 28039. MARTIN MARIETTA CORPORATION v. DOUGLAS COUNTY et al.

HAWES, Justice. 1. Appellees' motion to dismiss this appeal is denied under Rule 11 (c) of the Rules of the Supreme Court.

2. In *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85) (1972), and as well in *Jackson v. Abercrombie,* 229 Ga. 775 (194 SE2d 473) (1972), we held that a county governing authority which had taken action to establish conditional uses of land pursuant to local enabling legislation or the General Planning Enabling Act of 1957, Code Ann. § 69-120, et seq., might not thereafter deny a permit to a conditional use applicant for any reason if the property for which the permit was sought had been zoned by the local governing authority for the use for which application was made. We reasoned that the local governing authority in zoning land for one or more previously established uses had exercised its discretion as to the manner in which such

land could be utilized by its owner. Thus, the act of zoning for conditional use eliminated the discretion of the local authority to deny the permit. In *Gifford-Hill,* supra, we said in this regard: "Reasonable conditions and reasonable regulations regulating the use of the land, if contained in the zoning ordinance, could also be enforced by the governing body, but such reasonable conditions and regulations imposed upon a use of land cannot justify a refusal or a delay in issuing an authorization to 'use the land' for a use permitted by the ordinance in the zone in which the land is located." 229 Ga. at p. 265. *Gifford-Hill,* therefore, in no way eliminated the imposition of reasonable conditions upon the use of land, but merely determined that "[r]easonable regulations and reasonable conditions imposed upon a 'use of land' are regulations and conditions subsequent to the 'permitted use,' and these conditions and regulations subsequent are enforced by the withholding of building permits and occupancy permits." Id., p. 265.

The present appeal is from an order of the trial court denying the relief of mandamus by which the appellant sought to compel the County of Douglas to issue it a conditional use permit. The evidence shows that the county had, pursuant to the General Planning Enabling Act of 1957, passed a resolution authorizing the zoning of county land for "Residential-Agricultural" purposes which included as a conditional use, under § 70.12 of the resolution, the "development of natural resources including the removal of minerals or other natural materials . . ." The appellant thereafter made application for a conditional use permit for property located in an area which the county had previously zoned for "Residential-Agricultural" purposes and uses. The appellant is a manufacturer of cement and sought the permit so that it might remove by surface mining low

alkaline clay deposits used in the making of cement. The local governing authority denied the application for the permit.

Under the mandate of *Gifford-Hill & Co. v. Harrison,* supra, the judgment of the trial court is reversed, and the trial court is directed to enter judgment in favor of appellant as prayed for.

*Judgment reversed. All the Justices concur, except Undercofler and Jordan, JJ., who dissent.*

ARGUED JUNE 12, 1973 — DECIDED JUNE 28, 1973.

*Hansell, Post, Brandon & Dorsey, John H. Boman, Jr., Howard O. Hunter, James, Johnson & Pitts, J. Clifford Johnson, Robert J. James,* for appellant.

*James R. Dollar, Jr., Harold A. Lane,* for appellees.