## 30038, 30147. MARTIN MARIETTA CORPORATION v. MACON-BIBB COUNTY PLANNING & ZONING COMMISSION et al. (two cases).

GUNTER, Justice.

These two appeals are from judgments that were adverse to Martin Marietta. The defendants below and the appellees here are the Macon-Bibb County Planning and Zoning Commission and its members. Martin Marietta has come here for review of these judgments, and we affirm both of them.

This controversy had its inception when Martin Marietta filed an application with appellees for a "Special Zoning Permit for the conditional use of certain lands located in the unincorporated area of Bibb County, Georgia." The conditional use of the land sought by Martin Marietta was to develop natural resources located thereon, specifically a crushed stone quarry with necessary buildings, machinery, and appurtenances thereto.

The appellees conducted a hearing on the application and thereafter denied the application in the following language: "After considering all the facts, the Commission determined that the proposed Quarry would not be in conformance with the Comprehensive Plan for Community Development and would have an adverse effect on the existing properties and residential growth in the Lizella area." Martin Marietta then, in an abundance of precaution because of legal procedural uncertainties, filed two actions in the Superior Court of Bibb County contesting the adverse decision rendered on the application by the appellees. One action was for mandamus; and it contended that Martin Marietta was entitled to have its application granted as a matter of law, no discretion being vested in the appellees that would authorize them to deny the application. The other action in the superior court was an application for certiorari to review the decision of the appellees in the event they had discretion in the matter; and it contended that if such discretion was vested in the appellees, the appellees had abused their discretion in denying the application.

The trial judge held a hearing in both actions; he

entered a judgment dismissing the mandamus action on the ground that discretion in the matter was vested in the appellees, and on the basis of this legal conclusion, Martin Marietta was not entitled to mandamus relief; and he entered a judgment in the certiorari action denying it on the ground that in the exercise of their discretion in the matter, the appellees had not abused their discretion in denying Martin Marietta's application.

Martin Marietta appealed from the adverse judgment in the mandamus action directly to this court and appealed from the adverse judgment in the certiorari action to the Court of Appeals. Pursuant to authority contained in the Constitution this court ordered the pending appeal in the Court of Appeals transferred to this court and consolidated with the pending appeal in this court for argument and decision. Code Ann. § 2-3704.

## I. The Mandamus Action

Martin Marietta, contending that it was entitled to have its application granted as a matter of law, relies on *Gifford-Hill &. Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85) (1972); *Jackson v. Abercrombie,* 229 Ga. 775 (194 SE2d 473) (1972); and *Martin Marietta Corp. v. Douglas County,* 230 Ga. 721 (198 SE2d 674) (1973). In those cases we held that when a governing authority has zoned land for a use that is permitted, the governing authority cannot delegate to its planning commission or one of its employee-officials the discretion to grant or deny such a use permit. Reasonable conditions and reasonable regulations applicable to such use must be complied with by the applicant-user, but these are conditions subsequent that are applicable to the permitted use of the land. In those cases the local governing authority had to zone land for particular uses. The power to zone was vested exclusively in the local governing authorities, and once they had zoned the land, no discretion remained with respect to granting or denying an application for a use allowed in that zone.

The Georgia Constitution provides that the General Assembly may grant local governing authorities the power to zone land within their jurisdictions for various uses and to prohibit other or different uses in a

designated zone. Code Ann. § 2-1923.

Pursuant to this constitutional authorization the General Assembly has by general statute granted zoning power only to the governing authorities of municipalities and counties. And this power can be exercised only in their respective jurisdictions. Code Ann. § 69-1207. Under this general statute, and also the local statute that was applicable in *Gifford-Hill,* the power to zone land is for uses that are permitted or prohibited; and there is no power to zone land for uses that may, through an exercise of discretion, be permitted or may be prohibited. In short, under this general statute a local governing authority can zone land, but such zoning is a yes or no proposition. There can be no discretionary zoning.

Under the general statute, Code Ann. Ch. 69-12, a planning commission has no power to zone land. It merely makes recommendations to the local governing authority, and it administers the zoning ordinance enacted by the local governing authority. Code Ann. § 69-1203.

In the case at bar the Macon-Bibb County Planning and Zoning Commission operates pursuant to the authority of a local constitutional amendment enacted in 1947, approved in 1948 by the voters, and implemented in 1952 by the governing authorities of Macon and Bibb County.

This local constitutional amendment provided that Macon and Bibb County could appoint an "agency for adopting zoning and planning laws, rules, and regulations, and for administering the same . . ." Ga. L. 1947, p. 1240.

Under this local constitutional amendment which was self-executing, Macon and Bibb County by joint resolution conferred upon the Macon-Bibb County Planning and Zoning Commission the power to zone land. Under the joint-resolution adopted, neither of the local governing authorities has the power to zone land.

Pursuant to the joint resolution that created the commission and empowered the commission to zone land, it enacted a zoning law entitled: "The Comprehensive Land Development Resolution for the City of Macon and Bibb County, Georgia." This law created an Agriculture

District in which nine uses were permitted. It then listed twenty-seven uses that "may be permitted" if the commission, after a hearing by the commission, finds as a fact that the proposed use is "consistent with the general plan and in the public interest." These twenty-seven uses are not permitted as a matter of right. They may be permitted only after a hearing by the commission and a finding of fact made by the commission. Such a procedure, before the body empowered to zone and rezone land, is the equivalent of rezoning within a district that is already zoned. A hearing is required and a finding is required by the body empowered to rezone that the applied-for use is consistent with the general zoning plan and is in the public interest.

This procedure is quite different from the mere exercise of a discretion to permit a use or not permit a use as was the case in *Gifford-Hill* and its progeny.

We therefore hold that under the Macon-Bibb County zoning law, Martin Marietta was not entitled to the issuance of the use permit applied for as a matter of right. It was only entitled to such use permit after a hearing before and a finding by the body empowered to zone. The zoning law enacted by the commission also provided: "Any person, firm or corporation aggrieved by a decision of the Commission shall have the right of certiorari as provided by law." Mandamus relief was thus inappropriate; review by certiorari in this case was appropriate; and the judgment of the trial court denying mandamus relief was correct.

## II. The Certiorari Action

Martin Marietta sought review of the commission's adverse decision by applying to the superior court for a writ of certiorari as provided in the commission's zoning resolution. The trial judge conducted a hearing, he reviewed the evidence submitted before the commission at its hearing on the application, and in upholding the commission's decision he ruled: "That the commission based its decision upon the evidence presented and did not abuse its discretion in denying petitioner's application."

We have reviewed the evidence presented before the commission by Martin Marietta and by those opposed to

the application. We agree with the trial judge that the commission based its decision on the evidence presented to it, that the commission's decision was justified by that evidence, and that the commission's decision was not arbitrary, unreasonable, and confiscatory as a majority of this court found the decision of the Board of Commissioners to be in *Barrett v. Hamby,* 235 Ga. 262 (1975).

Under the unique constitutional authority vested in the Macon-Bibb County Planning & Zoning Commission to zone land, and pursuant to the commission's enactments applicable in this case requiring a hearing and finding by the commission before the issuance of a use permit, we consider the application in this case to be the equivalent of an application to rezone land. Were it not for the requirements of a hearing by the commission and a finding by the commission, this would not be so. In short, we adhere to our rulings in *Gifford-Hill* and its progeny to the effect that there can be no arbitrary and purely discretionary denial of a use permit for a use that is permitted upon the applicant's complying with certain specified conditions. These two cases from Bibb County are not in that category.

*Judgments affirmed. All the Justices concur, except Undercofler, P. J., who concurs in the judgment only.*

ARGUED JUNE 10, 1975 — DECIDED NOVEMBER 24, 1975 — REHEARING DENIED DECEMBER 15, 1975.

*Byrd, Groover & Buford, Denmark Groover, Jr.,* for appellants.

*Jones, Cork, Miller & Benton, Carr Dodson,* for appellees.