### 56729. WESTBROOK v. ALBANY PLANNING COMMISSION.

McMURRAY, Judge.
In accordance with Ga. L. 1957, pp. 420, 443, the City of Albany created the Albany Metropolitan Planning Commission and the Albany Planning Commission. Said joint ordinances and resolutions were duly adopted by the City of Albany on November 13, 1973. We are concerned here with only the Albany Planning Commission with reference to property located within the city.

On October 6, 1977, the Albany Planning Commission considered the application of W. P. Westbrook "for special approval to construct a restaurant on an R-OI (Restricted Office District) zoning district," to

be located at 2105 Dawson Road. The zoning ordinance of the City of Albany authorizes restaurants and cafeterias after special approval of the planning commission as one of the uses permitted. On October 11, 1977, Westbrook was notified by the zoning administrator for the Albany Planning Commission that his request for special approval to construct a restaurant on the property at 2105 Dawson Road, currently zoned R-OI (Restricted Office District) had been approved, although he did not sign the letter as zoning administrator and same was on the letterhead of the Albany Metropolitan Planning Commission. Thereafter, on October 19, 1977, the Albany Planning Commission sought to review its decision of October 6, to reconsider the application and on November 3, 1977, rescinded its decision of October 6, approving the application for the use permit as to the restaurant of W. P. Westbrook.

Whereupon, the plaintiff, W. P. Westbrook, brought an action against the Albany Planning Commission (although first styled the Albany Metropolitan Planning Commission) contending that all requirements for special approval under the zoning ordinance of the City of Albany had been met, that all conditions precedent with respect to posting of notice, notice and hearing had been complied with and the special use permit had been approved as evidenced by the letter of October 11, 1977, from the zoning administrator. The petition is one in the nature of a declaratory judgment asking the court after a hearing to decree that the defendant's action and conduct in its special approval of October 6, 1977, as evidenced by the letter to him of October 11, 1977, be binding upon the defendant. The defendant answered, filing a number of defenses, including the failure to state a claim, improper service, no jurisdiction and failure to comply with the declaratory judgment Act, among others. Defendant also filed a separate motion to dismiss, contending the ordinance purporting to authorize such special approval or uses as shown in the ordinance to be in excess of the powers which may be granted to a planning commission under the provisions of Code Ch. 69-12 (Ga. L. 1957, pp. 420, 443, as thereafter amended). Both parties moved for summary judgment, and the above undisputed facts were shown by affidavits,

certified copies of the ordinances of the City of Albany, and a stipulation as to the contents of the zoning ordinance of the City of Albany. Whereupon the trial court after a hearing overruled plaintiff's motion for summary judgment and granted the motion for summary judgment of the Albany Planning Commission. The motion of defendant as to the failure to state a claim was also sustained, and the complaint dismissed. Plaintiff appeals. *Held:*

1. In the zoning, or rezoning, of property, the governing authority acts in a legislative capacity and when the zoning ordained is duly adopted (or amended), it is presumed to be valid until shown to be otherwise. *Olley Valley Estates v. Fussell,* 232 Ga. 779, 781 (1) (208 SE2d 801); *Barrett v. Hamby,* 235 Ga. 262, 265 (219 SE2d 399); *Cook v. Howard,* 134 Ga. App. 721 (4) (215 SE2d 690); *Hall Paving Co. v. Hall County,* 237 Ga. 14, 16 (226 SE2d 728).

2. Zoning, or rezoning, here was accomplished by the municipal governing authority by leaving the use of the property within the zoning restrictions for special approval at a later date by the planning commission. See City of Albany (zoning ordinance) Ordinance No. 1341, Section 16.03.

3. "The owner of land . . . has a right to be issued authorization to use the land for the purpose for which it is zoned at the time he makes his application for such authorization . . ." provided he satisfies all reasonable conditions and regulations imposed upon the use. *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260, 265-266 (191 SE2d 85). See also *Martin Marietta Corp. v. Douglas County,* 230 Ga. 721 (2) (198 SE2d 674).

Here the property was zoned "R-OI (Restricted Office District)," and the planning commission was authorized by the zoning ordinance to issue a use permit for a restaurant "after special approval," which had been granted. As alleged in the petition and as shown by the record on summary judgment, the planning commission was without authority to review its decision and reverse itself after granting the use permit. See *McCord v. Ed Bond & Condon Co.,* 175 Ga. 667 (1, 2) (165 SE 590); *Hasty v. Carter,* 105 Ga. App. 139 (1), 141 (123 SE2d 563); *Simpson v. Liberty Mut. Ins. Co.,* 99 Ga. App. 629 (2),

634-635 (109 SE2d 876). Based upon the limited evidence considered on the motion for summary judgment (in which the court also considered the motion to dismiss) since the various "reasonable conditions and regulations imposed upon the use" are not shown by the record, the trial court erred in granting defendant's motion to dismiss. This motion was based upon the theory that the ordinance authorizing the planning commission to grant the use permit is in excess "of the powers which may be granted to planning commissions." See *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260, 266, supra. Whether or not the planning commission's powers to grant use permits is purely ministerial or involves a legislative function in the use of discretion (amounting to actual zoning) remains for further determination, and such issue is not here decided. Compare *Martin Marietta Corp. v. Macon-Bibb County Planning &c. Commn.,* 235 Ga. 689 (221 SE2d 401). We, therefore, do not hold there was error in denying plaintiff's motion for summary judgment.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED OCTOBER 17, 1978 — DECIDED NOVEMBER 14, 1978 — REHEARING DENIED DECEMBER 5, 1978 — ▮▮▮▮▮▮▮▮

*Eckhardt & Lee, William Eckhardt,* for appellant.
*Landau & Davis, James V. Davis,* for appellee.