35252. SMISSON GARDENS, INC. v. DOLES et al.

HILL, Justice.

The appellant, Smisson Gardens, Inc., applied to the Peach County Planning & Zoning Commission for a change in the zoning classification from R-1 (residential)

to C-1 (light commercial) of two parcels of property. The Planning & Zoning Commission denied the application and their action was approved by the Peach County Commissioners. Smisson Gardens, Inc., then filed a complaint in the Superior Court of Peach County seeking to have the R-1 classification declared unconstitutional as applied to the two parcels at issue. The trial court held that the classification is constitutional, and we affirm.

Smisson Gardens, Inc., does not challenge the trial court's findings of fact,[1] but argues that the evidence does not support the verdict because the facts show the R-1 classification to be confiscatory and void, citing *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975), and *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830)

---

[1] The trial court found: "1. The subject property, lying along the south side of State Highway 96, is zoned R-1 under the County's Comprehensive Land Use Plan.

"2. It is located approximately two-tenths of a mile west of the city limits of Fort Valley, Georgia.

"3. Approximately 57 of the 70 lots in the Smisson Gardens subdivision, which lies adjacent to and immediately south of the subject property, have been sold, and residences have been built on most of these lots.

"4. There are in excess of 100 children living in the subdivision.

"5. The subject property is bounded on the north by State Highway 96, and on the east, south and west by property zoned R-1 and used for residential or farming purposes.

"6. The land located directly across State Highway 96 from the subject property is zoned C-2, but is presently used as farm land.

"7. The nearest commercial establishment to the subject property on either side of State Highway 96 is located within the city limits of the City of Fort Valley, Georgia, approximately nine-tenths of a mile east of the said property. No commercial establishment is located west of the subject property on either side of State Highway 96 for a distance of approximately 2.4 miles to the nearest Peach County line.

(1977). As those cases establish, " . . . [I]f the zoning regulation results in relatively little gain or benefit to the public while inflicting serious injury or loss on the owner, such regulation is confiscatory and void." *Barrett,* supra, 235 Ga. at 266, *Guhl,* supra, 238 Ga. at 323. Such is not the case here. Rather, the evidence supports the conclusion that this residential classification bears a reasonable relationship to the public welfare. *Barrett,* supra, 235 Ga. at 265. The fact that a more profitable use could be made of the property by rezoning it does not meet the *Barrett v. Hamby* requirement of showing that the damage to the owner is significant. See *Guhl v. Par-3 Golf Club, Inc.,* 238 Ga. 43, 45 (231 SE2d 55) (1976).

As we stated in *Avera v. City of Brunswick,* 242 Ga. 73, 75 (247 SE2d 868) (1978): "A zoning ordinance is presumptively valid, and this presumption may be overcome only by clear and convincing evidence. The burden is on the person seeking to change the zoning to show the invalidity of the ordinance. [Cits.] The acts of the governing body of a [county] exercising zoning power will not be disturbed by the courts unless they are clearly arbitrary and unreasonable."

The appellant failed to carry this burden and the judgment of the trial court that the R-1 zoning

---

"8. Subject property consists of two parcels: Parcel One fronts 165.15 feet on the south side of State Highway 96 and 150 feet on the east side of Franklin Boulevard, and contains .57 acres. It has city sewerage available. Parcel Two fronts 696.8 feet on the south side of State Highway 96, and 175 feet on the west side of Franklin Boulevard, is irregular in shape, and contains 3.7 acres. City sewerage is not available to this parcel, except to one building lot located nearest to Franklin Boulevard. Septic tanks would be permitted for residential use in the remainder of said parcel.

"9. In order to develop Parcel One for commercial use, it would be necessary to construct an access road from the east side of Franklin Boulevard. There is a divider built in the center of Franklin Boulevard, extending well beyond the south line of said Parcel One, and which will permit only one way traffic to either side of said divider.

classification is constitutional as applied to the property at issue was not error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 10, 1979 — DECIDED OCTOBER 16, 1979.

*Charles R. Adams, Jr.*, for appellant.

*Culpepper, Culpepper & Liipfert, Sampson M. Culpepper,* for appellees.

"10. The subject property has an estimated value for residential use of from $18,200 to $24,700.

"11. The subject property has an estimated value for commercial use of from $57,900 to $85,500.

"12. The residential lots and homes lying immediately adjacent to the subject property would suffer a decreasing value by the commercial development of the subject property.

"13. With one exception, the intention of the owner to attempt to have the subject property rezoned for C-1 use was not communicated to any of the homeowners in the subdivision from its opening in 1961 until its present application to the Planning & Zoning Commission.

"14. There would be a substantial hazard to the safety of the children of the residents of Smisson Gardens subdivision created by the use of the subject property for C-1 purposes.

"15. There would be an increase in traffic congestion, noise, pollution, dirt, litter, and potential crime in the subdivision created by the use of the subject property for C-1 purposes."