## 35744. CITY OF ATLANTA v. WANSLEY MOVING & STORAGE COMPANY.

HILL, Justice.

Plaintiff Wansley Moving and Storage Co. has for many years operated a moving and storage company on DeKalb Avenue, zoned M-1 (light industrial), including the corner of DeKalb Avenue and Mell Avenue. MARTA condemned Wansley's employee parking lot for its rail service. Wansley now wants to use a vacant lot it owns on Mell Avenue adjacent to its warehouse as a 15-car parking lot for employees to replace the one lost to condemnation. This vacant lot is currently zoned R-6, a two-family residential classification under the Atlanta zoning ordinance, which allows accessory parking lots when a special use permit has been obtained.

Plaintiff filed a request for a special use permit with the Atlanta Zoning Review Board and appealed its denial to the Atlanta City Council which, following the review board's recommendation, also refused plaintiff's request.

Plaintiff filed suit in Fulton Superior Court seeking a writ of mandamus and, in count two, a declaration that the classification was unconstitutional as applied to plaintiff's property. The court entered mandamus directing the city to issue the special use permit provided plaintiff met 6 stated conditions (e.g., use limited to 12 parking spaces and only on working week days between 7 a.m. and 7 p.m., installation of fences and other noise abatement devices, drainage precautions).

1. The city asserts that the plaintiff should have proceeded by certiorari, rather than mandamus, to review the city's denial of the special use permit.

The terms "special use permit" and "conditional use permit" are used in different zoning ordinances but mean essentially the same thing. Both involve a special use authorized by the existing zoning ordinance (e.g., airports, cemeteries, drive-in theaters, mobile home and trailer parks, quarries) but the ordinance provides that such uses shall be allowed only upon the condition that it be approved by the appropriate governmental body. 3 Anderson, American Law of Zoning 2d § 19.01, pp. 357-358 (1977); see also 3 Anderson, American Law of

Zoning 2d § 16.11, p. 40 (1977); 3 Rathkopf, The Law of Zoning and Planning § 54-1, n. 1 (1979). (Conditional zoning is rezoning upon conditions and is not the same as conditional use.) Some zoning ordinances prescribe the conditions which must be met before the permit will issue. *Manning v. A.A.B. Corp.,* 223 Ga. 111, 115 (153 SE2d 561) (1967); *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260 (191 SE2d 85) (1972). Others do not set out these conditions in the ordinance and leave issuance of the permit to the discretion of the governmental body. *Hyman v. Pruitt,* 226 Ga. 625 (176 SE2d 707) (1970).[1]

Judicial review of the denial of conditional use permits has traditionally been by way of mandamus, regardless of whether the conditions were fixed in the ordinance or were left to the discretion of the governmental body in reviewing the application. *Manning v. A.A.B. Corp.,* supra (shopping center); *Pruitt v. Meeks,* 226 Ga. 661 (177 SE2d 41) (1970) (trailer park); *Gifford-Hill & Co. v. Harrison,* supra (crushed-stone plant); *Jackson v. Abercrombie,* 229 Ga. 775 (194 SE2d 473) (1972); *Martin Marietta Corp. v. Douglas County,* 230 Ga. 721 (198 SE2d 674) (1973) (mining alkaline clay).[2] We find no reason to treat special use permits differently from conditional use permits insofar as the means of judicial review is concerned. The plaintiff's use of the writ of mandamus rather than certiorari was not improper.

The city does not argue that the decision of the city council was a judicial decision. It argues that *Martin Marietta Corp. v. Macon-Bibb County Planning Comm.,* 235 Ga. 689 (221 SE2d 401) (1975), involved a special zoning permit for a crushed stone quarry and held that certiorari rather than mandamus was the proper means of review. However, the Macon-Bibb County zoning

---

[1]Whether an ordinance permitting specified uses in the discretion of the governing body is constitutionally valid, we do not here decide.

[2]Insofar as the standard of appellant review may differ where the ordinance prescribes the conditions which must be met, as opposed to an ordinance which does not, see Division 2 of this opinion.

ordinance expressly provided that aggrieved parties could obtain judicial review by certiorari (235 Ga. at 692). Mandamus is not an appropriate remedy where there is another adequate remedy provided by law. *Cheek v. Eve,* 182 Ga. 30 (184 SE 700) (1935); Code § 64-101. The Atlanta ordinance does not specify the means of review. See also Ga. L. 1974, pp. 1416, 1417, § 2(e). Therefore the *Martin Marietta* case is inapposite.

We hold that in the absence of provision in the zoning ordinance prescribing the means of judicial review, mandamus is a proper remedy for reviewing the denial of conditional and special use permits.

2. The city also contends that even if a writ of mandamus is a proper remedy in this case, the evidence before the trial court did not warrant the grant of mandamus requiring the issuance of a special use permit.

Mandamus will issue against a public officer under two circumstances: (1) where there is a clear legal right to the relief sought, *Solomon v. Brown,* 218 Ga. 508, 509 (128 SE2d 735) (1962), and (2) where there has been a gross abuse of discretion, Code § 64-102. The cases of *Manning v. A.A.B. Corp.* and *Gifford-Hill & Co. v. Harrison,* supra, fall into the first category above; i.e., a clear legal right to the relief sought. *Pruitt v. Meeks,* supra, falls into the second category; i.e., gross abuse of discretion. The case of *Hyman v. Pruitt,* 226 Ga. 625, supra, did not rise to the level of showing a gross abuse of discretion.

We hold that where the zoning ordinance does not prescribe all the conditions which must be met in order to obtain a conditional or special use permit but leaves the issuance thereof to the discretion of the issuing authority, then the aggrieved applicant may proceed by mandamus where no adequate remedy is provided but must show that denial of such permit constituted a gross abuse of discretion by the governing authority. Or as was said in *Pruitt v. Meeks,* supra, the applicant must show that the discretionary denial of the permit was "arbitrary, capricious and unreasonable" (226 Ga. at 662). This standard of review is essentially the same as that used to determine the validity of zoning ordinances. See *Barrett v. Hamby,* 235 Ga. 262, 265 (219 SE2d 399) (1975).

The Atlanta zoning ordinance does not specify the

conditions which must be met in order to obtain a special use permit. It provides that after a public hearing, the city may authorize certain uses upon appropriate conditions to be fixed by the city. Atlanta City Code § 16-25001, enacted pursuant to Ga. L. 1974, pp. 1416, 1417, § 2.

Turning to the evidence presented, it can be seen from the above discussion that the focus should be not on whether there was evidence to support the trial court's decision but whether there was evidence to support the city's decision. The applicant has shown a willingness to comply with the conditions imposed by the court and has shown that the use of its lot for employee parking is a reasonable and desirable use of its property. Reasonableness is not the criteria. *Guhl v. M.E.M. Corp.*, 242 Ga. 354, 355 (249 SE2d 42) (1978). Applicant has failed to show that the city's denial of this special use permit was arbitrary, capricious and unreasonable, *Pruitt v. Meeks,* supra, or arbitrary, capricious and confiscatory, *Barrett v. Hamby,* supra. In reaching this determination we have considered significant the fact that, although not prohibited by the ordinance, the lot to be used for employee parking is not in the industrial district but is in a residential district.[3] Having failed to meet the required showing, the applicant was not entitled to issuance of the writ of mandamus and the decision of the trial court must be reversed.

Any contention that applicant was entitled to declaratory judgment on count two of its complaint (that the zoning ordinance is unconstitutional) must fail because the evidence does not show the R-6 classification to be confiscatory and void. *Smisson Gardens v. Doles,* 244 Ga. 468 (260 SE2d 865) (1979).

3. The city also contends that the trial court order directing the applicant to comply with specified conditions in order to obtain the special use permit amounted to improper "judicial zoning." We do not need to

---

[3]The case of *Stallings v. Prime America Corp.,* 229 Ga. 430 (192 SE2d 147) (1972), was a building permit case and there was a clear legal right to the permit under the ordinance there in issue.

reach this question, or the question of the city's standing to raise it, in light of the holding above.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 16, 1980 — DECIDED
MAY 20, 1980.

*Ferrin Y. Mathews, Thomas A. Bowman,* for appellant.

*Clifford Oxford, Russell D. Mays,* for appellee.