## 44953. RICHARDS v. DOUGLAS COUNTY.

(361 SE2d 817)

MARSHALL, Chief Justice.

The appellant-plaintiff, James W. Richards, filed the present complaint against the appellee-defendant, the Douglas County Board of Commissioners. In the complaint, the appellant has requested that, through issuance of a writ of mandamus, the trial court overturn a decision of the board of commissioners, in which the board accepted the recommendation of the Douglas County Planning Department to deny the appellant's application for a temporary land-use permit. The permit would authorize the appellant to park tractor-trailer rigs on a 2.04-acre tract owned by him and zoned C-2 Highway Commercial under the Douglas County Zoning Regulations. The appellant's contention is that the denial of the application for the temporary land-use permit constitutes an unconstitutional taking of his property, and he seeks to enjoin the county from enforcing the present zoning regulations applicable to his property. After consideration of briefs submitted by the parties, a transcript of the public hearing held on the application for the temporary land-use permit, as well as a stipulated statement of facts, the trial court, citing *Dougherty County v. Webb*, 256 Ga. 474 (350 SE2d 457) (1986), concluded that the board did not abuse its discretion, or act in an arbitrary, capricious, or unreasonable manner, in denying the appellant's application. For reasons which follow, we affirm.

Under § 89 (3) of the Douglas County Zoning Regulations, a temporary land-use permit may be approved for a non-conforming use if such use: "(a) Is compatible with the area from which the use is to be operated; and (b) No nuisance or other significant adverse effect would result to the area." In addition, an aggrieved property owner may contest the denial of an application for a temporary land-use permit by mandamus.

In this case, the appellant's tract is bordered on the north by U. S. Highway 78, a/k/a Bankhead Highway. As previously stated, it is zoned C-2 Highway Commercial, and under § 82 of the Douglas County Zoning Regulations, this zoning classification is intended to provide a suitable environment for those retail commercial uses which benefit from direct access to major streets, or are located on major streets or thoroughfares. Examples of allowable retail establishments in C-2 zoning areas are restaurants, hotels, motels, family camping facilities, automobile service stations, and package stores.

The appellant's property is bordered on the east by Tralee Drive, and it is bordered on the west by Wallis Road. The adjacent eastern tract, which is contiguous to Tralee Drive on its western boundary, is also zoned C-2 Highway Commercial. The adjacent western tract, which is contiguous to Wallis Road on its eastern boundary, is zoned

R-2 single-family residential. The property bordering the three tracts referred to above on their southern boundaries is zoned single-family residential.

There are three tracts of land in close proximity to the appellant's 2.04-acre tract, which lie on the other side of U. S. Highway 78. The tract directly across U. S. Highway 78 from the appellant's tract is zoned M-1 Heavy Industrial; a junkyard, a concrete mixing plant, and a convenience store with gasoline pumps are located on this tract. The tract bordering the M-1 Heavy Industrial tract on the west is zoned C-2 Highway Commercial, and on this tract are located a garage with used automobiles parked on the premises, as well as a day-care facility. The tract bordering the M-1 Heavy Industrial tract on the east is also zoned C-2 Highway Commercial, and this tract is vacant. *Held:*

As stated in *Dougherty County v. Webb*, supra, 256 Ga. at p. 475, zoning techniques such as special-use permits are commonly used as a means for authorizing types of land use which, although potentially incompatible with uses usually allowed in particular zoning districts, are necessary and desirable; generally, issuance of a special-use permit is predicated upon the subject property owner's compliance with conditions set out in the local zoning ordinance with respect to the special use, or upon the decision of the local governing body, in its discretion, to approve the special-use permit.

Here, as previously stated, under the local zoning ordinance, the temporary land-use permit may be approved for a non-conforming use, if such use is compatible with the surrounding area and if no nuisance or other significant adverse effect would result to the area.

Nonetheless, we hold that the standard enunciated in *Webb* is appropriate here. As held in *Webb*, " '[T]he aggrieved applicant may proceed by mandamus where no adequate remedy is provided, but must show that denial of such permit constituted a gross abuse of discretion by the governing authority. Or as was said in *Pruitt v. Meeks*, (226 Ga. 661, 662 (177 SE2d 41) (1970),) the applicant must show that the discretionary denial of the permit was "arbitrary, capricious and unreasonable." ' [*City of Atlanta v. Wansley Moving &c. Co.*, 245 Ga. 794, 796 (267 SE2d 234) (1980).]" *Webb*, supra, 256 Ga. at p. 476.

Here, the trial court was authorized to find, notwithstanding the zoning of the property lying north of U. S. Highway 78, as well as the industrial and other activities being conducted on such property, the property lying to the south of U. S. Highway 78 is either residential in character, or is devoted to C-2 Highway Commercial uses creating no significant adverse effect on the surrounding residential property. The court was further authorized to find that the usage sought to be permitted under the temporary land-use permit would not only be in-

compatible with the surrounding residential property, but also would create a significant, adverse effect on such residential property.

Consequently, the denial of the application for the temporary land-use permit was in conformity with the applicable standards set out in the local zoning ordinance. Therefore, the trial court did not err in refusing to overturn it.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 1987.

*Tinsley, Emerson & Dodson, William C. Tinsley II,* for appellant.

*Jeffrey P. Richards,* for appellee.