25358. JOHNSTON et al. v. HICKS et al.

ARGUED SEPTEMBER 10, 1969—DECIDED SEPTEMBER 29, 1969.

*George P. Dillard, Herbert O. Edwards, Robert E. Mozley,* for appellants.
*William E. Zachary, Sr., William E. Zachary, Jr., Zachary, Hunter, Zachary & Bowden,* for appellees.

ALMAND, Chief Justice. We review here an order granting a mandamus absolute.

Glenn E. Hicks, Jr. and two others brought their complaint against Allen Johnston, as Planning Director of DeKalb County and five named members of the Board of Commissioners of Roads and Revenues. As residents and property owners in DeKalb County, they sought a writ of mandamus absolute to require Johnston, in his official capacity, to issue Certificates of Zoning Compliance and Conditional Use Permits.

The plaintiffs alleged in substance: (1) that they had applied to the county zoning authorities for rezoning of certain parcels of land in which they held contractual interests; (2) that the planning commission had recommended the rezoning, and that the board of county commissioners had approved the recommendation, but that Johnston, the planning director and deputy building inspector, had refused to issue the certificate or the Conditional Use Permits. In so doing, he was acting under a county ordinance which provided that no building permit could be issued until the building inspector or his deputy had been presented a certificate of zoning compliance; (3) that the refusal of Johnston to act was based entirely on the plaintiff's failure to comply with the provisions of Sec. 10 (d) of the 1968 Act (Ga. L. 1968, p. 3406), which Act was an amendment to the Act of 1956 which established a planning commission for DeKalb County and other zoning and rezoning purposes; (4) that the 1968 amendment was, as a whole, unconstitutional and void in that the Act of 1968, which applied only to DeKalb County, violated the Home Rule Amendment to the Constitution of Georgia, ratified on November 8, 1966 (Ga. L. 1965, p. 752), Art. XV, Sec. II-A, Par. I (Code Ann. §§ 2-8402—2-8406). Under this amendment to the Constitution, the board of county commissioners had sole authority to pass zoning ordinances, and no power was given to the legislature to enact local zoning laws affecting DeKalb County.

It was further alleged that section 10 (d) of the 1968 Act was unconstitutional and void for several enumerated reasons.

The respondents, in their answer, set up three defenses: first, that the complaint did not state a claim upon which relief could

be granted; second, that it failed to show that the defendants were under a clear legal duty requiring them to do the things demanded of them; and third, denying the material allegations of the complaint.

When the case appeared for a hearing, counsel for all the parties stipulated that the question of whether or not a mandamus absolute should have been granted was based entirely on the first defense of the defendants.

The court found that the 1968 amendment to the DeKalb zoning act of 1956 was unconstitutional in that it violated the 1966 Home Rule Amendment to the Georgia Constitution, and granted the plaintiff's prayer for a writ of mandamus absolute.

The court also held section 10 (d) of the 1968 Act to be unconstitutional.

Errors are enumerated on the rulings, (a) that the 1968 Act as a whole is unconstitutional, and (b) that Sec. 10 (d) of the Act is unconstitutional.

1. Prior to 1928, neither the General Assembly nor the county authorities had the power to enact zoning laws or ordinances. *Commissioners of Glynn County v. Cate*, 183 Ga. 111 (187 SE 636) ; *Howden v. Mayor &c. of Savannah*, 172 Ga. 833 (159 SE 401). The 1877 Constitution was amended in 1928 by granting to the General Assembly the authority to confer upon the governing authorities of certain named cities and others according to specified populations, the power to enact zoning laws (Art. III, Sec. VII, Par. XXV, Constitution of 1877; *Code* § 2-1825). In 1937, this article and section of the Constitution was amended so as to give the General Assembly the authority to grant to any city or county, having a population of 1,000 or more, the authority to enact zoning regulations. (Art. III, Sec. VII, Par. XXVI, Constitution of 1877; *Code* § 2-1826).

Art. II, Sec. VII, Par. XVIII of the Constitution of 1945, (*Code Ann.* § 2-1923) provided: "The General Assembly of the State shall have authority to grant the governing authorities of the municipalities and counties authority to pass zoning and planning laws whereby such cities or counties may be zoned or districted for various uses and other or different uses prohibited therein, and regulating the use for which said zones or districts

may be set apart, and regulating the plans for development and improvements on real estate therein."

In November, 1966, the people ratified an amendment to the Constitution now known as the "Home Rule for Counties" Amendment, (*Code Ann.* § 2-8402). In substance this amendment provided: (a) that the governing authority of each county was given the authority to pass reasonable ordinances or regulations relating to its property, affairs and local government for which no provision had ever been made by general law, and which were not inconsistent with the Constitution or any local law applicable thereto. Such inconsistent local laws were to remain in effect until amended or repealed in the manner provided for in the amendment; (b) that the authority and power granted in (a) did not restrict the authority of the General Assembly to define, by general law, this power, or to broaden, limit or otherwise regulate its exercise; (c) a county, as an incident of home rule, was given the power to amend or repeal any existing local act applicable to its governing authority by the methods set out in the amendment. Paragraph 3 of the Home Rule Amendment provided: "The governing authority of each county is empowered to enact for unincorporated areas of the county appropriate planning and zoning ordinances for public safety, historic, health, business, residential, and recreational purposes. Such governing authority is hereby authorized to establish planning and zoning commissions separately or in conjunction with any combination of other counties and municipalities of this State and adjoining States. The General Assembly is hereby authorized to provide by law for such joint planning and zoning commissions and provide the powers and duties thereof. Such governing authority is hereby authorized to participate in the costs of such planning commission." *Code Ann.* § 2-8404.

This amendment did not contain a provision for the express repeal of the provision of the 1945 Constitution (Art. III, Sec. VII, Par. XXIII) which granted authority to the General Assembly to grant to the governing authorities of counties the authority to pass zoning and planning laws. The decisive question in this case, then, is: Do the provisions in the Home Rule

Amendment for Counties impliedly repeal the provisions of the 1945 Constitution as to the authority of the General Assembly to grant authority to the counties to pass zoning and planning laws for unincorporated areas?

"An implied repeal is one which takes place when a new law contains certain provisions which are contrary to, but do not expressly repeal, those of a former law. . . Whether it has been so repealed is a question of legislative intent." 82 CJS 477, § 286. A constitutional amendment may amend, modify or repeal a prior constitutional provision. Even though the amendment may not in express terms repeal an existing constitutional provision, if the amendment covers the same subject matter, it will be construed as being a substitute for the existing provision. If the amendment is in irreconcilable conflict with existing provisions of the Constitution, the amendment, being the last expression of the people, its operation cannot be limited or controlled by such existing and contrary provision of the Constitution. *Birdsey v. Wesleyan College,* 211 Ga. 583 (87 SE2d 378); *DeJarnette v. Hospital Authority of Albany,* 195 Ga. 189 (23 SE2d 716); *McLucas v. State Bridge Bldg. Authority,* 210 Ga. 1 (77 SE2d 531); *McLennan v. Aldridge,* 223 Ga. 879 (159 SE2d 682); *Strickland v. Peacock,* 209 Ga. 773 (77 SE2d 14). "The authority of a city wherein the home-rule provisions of a state constitution to legislate relative to matters germane to purely municipal affairs is derived directly from such constitution, and not from the state legislature, and a home-rule city may have the authority to exercise its legislative right free from interference by the state legislature unless the state enactment restricting the power of the city to legislate is not in conflict with constitutional provisions or general laws on the same subject." 62 CJS 787, 789, § 412.

The General Assembly has no authority to grant a county the authority to enact zoning and planning laws except by constitutional provision. Under the express provisions of the Home Rule for Counties Amendment, direct authority is granted to the counties to enact planning and zoning laws for unincorporated areas. It was the intent of the General Assembly in submitting this amendment that the legislature, upon its ratification, would

no longer have the authority to enact local laws concerning planning and zoning for unincorporated areas. The sole authority to amend or repeal existing planning and zoning laws or to enact new planning and zoning laws with respect to unincorporated areas, was granted to the county authorities. These provisions in the Home Rule Amendment being in irreconcilable conflict with the planning and zoning provisions of Art. III, Sec. VII, Par. XXIII of the Constitution of 1945, insofar as those provisions apply to unincorporated areas, we hold that insofar as the conflict does exist, the earlier constitutional provisions were impliedly repealed by the Home Rule Amendment.

It follows that the General Assembly, having no authority in 1968 to pass an amendment to the 1956 zoning and planning Act for an unincorporated area in DeKalb County, its attempt to amend the 1956 local Act (Ga. L. 1968, p. 3406) was wholly beyond its power and without legal effect.

The trial court did not err in declaring the 1968 Act to be unconstitutional and void, and in granting the mandamus absolute.

*Judgment affirmed. All the Justices concur.*