29172. MATTHEWS et al. v. FAYETTE COUNTY.

INGRAM, Justice.

This is an appeal from the grant of an interlocutory

injunction in the Superior Court of Fayette County enjoining appellants from maintaining and occupying a mobile home as a residence in Fayette County on property not zoned to permit such use under the Fayette County Zoning Ordinance.

Appellants attacked the validity and application of the zoning ordinance and also moved to dismiss the county's complaint for injunctive relief on the ground that it does not contain a prayer for process. Appellants' contentions were rejected after a hearing in the trial court.

The record on appeal shows that appellants were served, filed responsive pleadings in the case and appeared at the interlocutory hearing with able counsel to represent them.

Insufficiency of process was not urged in the responsive pleadings filed by appellants but was only urged subsequently in the motion to dismiss made at the time of the hearing. Therefore, any insufficiency of process or insufficiency of service of process was waived under Sections 12 (b) and (h, 1) of the Civil Practice Act. See Code Ann. § 81A-112 (b) and (h, 1). This enumerated error by appellants is also without merit because the Civil Practice Act contains no requirement that a prayer for process be included in the complaint as a prerequsite to valid service of process. See Code Ann. §§ 81A-104 (a) and 81A-108 (a) dealing with the issuance of summons and the contents of a complaint, as well as Code Ann. § 81A-184 providing for the sufficiency of Civil Practice Act complaint forms, without a prayer for process, which are found in Ch. 81A-3.

Appellants' second enumeration of error is that the 1971 zoning ordinance for Fayette County was not properly adopted and is, therefore, void and unenforceable. The fatal defect, urged by appellants, consists of the failure of the minutes of the board of county commissioners to reflect which commissioner initiated the motion to adopt the ordinance; which commissioner seconded the motion; which commissioner moved the adoption of the ordinance and, the failure of the minutes to show the number of votes in favor of adoption. The minutes contain the following language:

"On motion duly made, seconded and passed the zoning ordinance of Fayette County, Georgia, October, 1971, and Proposed Zoning Map, Future Land Use and Major Thoroughfare Map, Generalized Land Use Map, and Street and Road Classification Map were adopted." This language is contained in the minutes of the meeting of the board held on October 8, 1971, and October 30, 1971.

Appellants cite no case or statutory authority requiring the minutes of the meeting of the board of commissioners to reflect which member initiated the motion; which member seconded it; which member moved that it be adopted or which members or the number of members who voted for the ordinance. In the absence of such a mandate, the actions of the commissioners are presumed to be valid. See *City of Cartersville v. McGinnis,* 142 Ga. 71, 76 (82 SE 487, AC 1915D 1067), holding that in the absence of proof to the contrary the recital in the minutes that the ordinance was passed raised a presumption in favor of the regularity of enactment, and *Atlantic Co. v. Jones,* 86 Ga. App. 515, 525 (71 SE2d 824) (1952), holding that where an ordinance appears regular on its face and recites that it was passed in regular session of the mayor and council of the city it is presumed that the ordinance was legally and properly passed. This principle is applicable to the ordinance adopted by the Board of Commissioners of Fayette County and controls our ruling adversely to appellants in this case.

In another enumeration of error, appellants argue that this ordinance was adopted under the authority of Code Ann. Ch. 69-12, and that law does not delegate to counties the power to zone for mobile homes. Appellants further contend that the statement of purpose contained in the Fayette County Zoning Ordinance (§ 1-4) makes no reference to zoning for mobile homes, and therefore the ordinance cannot be enforced to prevent appellants from placing a mobile home on their property.

The county does not rely on the direct grant of zoning power contained in the 1966 "Home Rule for Counties" amendment to the Constitution. See Code Ann. § 2-8404. Instead, the county agrees that appellants'

contentions should be considered under the provisions of Code Ann. Ch. 69-12. We reach the same conclusion whether appellants' contentions are considered under the 1966 constitutional authorization of the county to zone or under the authority to zone delegated by the General Assembly in the law found in Code Ann. Ch. 69-12.

The relevant language contained in Code Ann. § 69-1207 and in § 1-4 of the Fayette County Ordinance are identical. There is authority under each for the county to regulate the location and use of "buildings and other structures." This includes mobile homes. Appellants' contention that a mobile home is not a "structure" is not well founded. The zoning ordinance specifically includes mobile homes in the definition of a "structure." See § 2-37 of the ordinance. We believe this definition in the ordinance is well within the authority to zone "buildings and other structures" contained in Code Ann. § 69-1207.

There can be no serious question that appellants' contention must also fail when the validity of this zoning ordinance is considered under the 1966 constitutional amendment which gave counties direct authority to enact zoning and planning laws.

"Art. III, Sec. VII, Par. XXIII of the Constitution of 1945 (Code Ann. § 2-1923) provided that the General Assembly could grant to counties the authority to enact zoning and planning laws. In 1966 the 'Home Rule for Counties Amendment' (Art. XV, Sec. II-A, Par. I; Code Ann. § 2-8402) was ratified, and it eliminated the necessity for enabling legislation by the General Assembly before a county could enact zoning and planning laws. In other words, the 1966 Amendment gave counties direct authority to enact zoning and planning laws. See *Johnston v. Hicks,* 225 Ga. 576 (170 SE2d 410). . .

"It is therefore clear that a county governing authority can create geographical areas within the boundaries of a county which are called zones; the governing authority can declare that the land in a zone can be used only for specified purposes or uses and that all other specified purposes or uses of the land in that zone are prohibited." *Gifford-Hill & Co. v. Harrison,* 229 Ga. 260, 264 (191 SE2d 85).

Appellants also contend that they have been deprived of their property without due process of law. They argue that this deprivation occurs because the zoning ordinance denies appellants the right to use this mobile home on their property and this denial has the effect of destroying the value of their property for which they have not been compensated.

Appellants purchased and moved the mobile home onto their land after the zoning ordinance was enacted by Fayette County. Thus they are bound by the zoning ordinance if it is valid. In *Vulcan Materials Co. v. Griffith,* 215 Ga. 811 (114 SE2d 29) (1960), this court held that by ratifying Constitutional Art. III, Sec. VII, Par. XXIII (Code Ann. § 2-1923), which authorized the General Assembly to grant governing authorities of municipalities and counties authority to enact zoning laws, "the people voluntarily subjected their property to the unlimited control and regulation of legislative departments." As previously observed, the constitutional amendment referred to in *Vulcan Materials* was held in *Johnston v. Hicks,* 225 Ga. 576 (170 SE2d 410) (1969) to be impliedly repealed by the Home Rule constitutional amendment of 1966, insofar as it applied to unincorporated areas. See also *DeKalb County v. Chapel Hill, Inc.,* 232 Ga. 238, 243 (205 SE2d 854). This amendment is a broad grant of direct constitutional authority to counties to enact zoning ordinances. Under both the zoning power previously delegated by the General Assembly and under the 1966 constitutional amendment, Fayette County was authorized to adopt a reasonable zoning ordinance.

Thus, even if we assume the present ordinance was not adopted pursuant to the power invested in the county by the Home Rule amendment to the Constitution, we cannot agree that appellants have been deprived of their property without due process. In *Howden v. City of Savannah,* 172 Ga. 833 (159 SE 401) (1931), the appellant made a contention almost identical to the due process contention of the appellants in this case. Appellant in *Howden* was denied a permit to build a gasoline filling station on land she owned which had been zoned residential. This court held that because of the

constitutional amendment investing the General Assembly with authority to empower cities to pass zoning laws, it can no longer be said that a zoning statute is per se unconstitutional and void because it deprives the owner of his property without due process of law. This position has been consistently followed by this court. E.g., see *Schofield v. Bishop,* 192 Ga. 732 (16 SE2d 714) (1941); *Palmer v. Tomlinson,* 217 Ga. 399 (122 SE2d 578) (1961). The ratio decidendi of these cases is inescapable in the present case.

Appellants next contend that since the Fayette County zoning ordinance provisions on mobile homes contain no exceptions for "hardships, emergency or for people who were on the property for a long period of time," this also constitutes a violation of appellant's due process rights. In effect, appellants urge that the ordinance is invalid because the classifications in the ordinance fail to take into account several important factors and therefore the ordinance classifications are unreasonable and arbitrary.

The acts of the governing body of a county exercising zoning power will not be disturbed by the courts unless they are clearly arbitrary and unreasonable. Gorieb v. Fox, 274 U. S. 603 (47 SC 675, 71 LE 1228, 53 ALR 1210) (1927); *Pruitt v. Meeks,* 226 Ga. 661 (177 SE2d 41) (1970); *Morgan v. Cherokee Hills &c. Co.,* 226 Ga. 60 (172 SE2d 669) (1970); *Humthlett v. Reeves,* 212 Ga. 8 (90 SE2d 14) (1955); *Schofield v. Bishop,* supra; *Howden v. City of Savannah,* supra. In Gorieb v. Fox, supra, p. 608, Justice Sutherland, referring to zoning ordinances, stated, "State legislatures and city councils, who deal with the situations from a practical standpoint, are better qualified than the courts to determine the necessity, character and degree of regulation which these new and perplexing conditions require; and their conclusions should not be disturbed by the courts unless clearly arbitrary and unreasonable."

In *Humthlett v. Reeves,* supra, p. 15, this court described the burden which the property owner must meet in order to prevail: "[T]he burden is on the owner of such property to produce sufficient evidence from which the court can make findings of fact and law such

as would justify a holding as a matter of law that the ordinance is arbitrary and unreasonable. It would not be sufficient to show that a more profitable use to the owner of the property could be made, or that such other use will not cause injury to the public, but there must be a showing of an abuse of discretion on the part of the zoning authority, and that there has been an unreasonable and unwarranted exercise of the police power."

Appellants have not shown that the Fayette County zoning ordinance is unreasonable by restricting the use of mobile homes, as residences, to mobile home parks. The zoning classifications of the zoning ordinance must be presumed to be valid until they are shown to be arbitrary and unreasonable. No such showing appears in the present transcript and record before this court.

Appellants also contend that the provisions of the zoning ordinance covering mobile homes have not been uniformly enforced and that appellants have been singled out for prosecution in violation of their right to equal protection under the law. The only evidence we find in the transcript pertaining to this contention is in appellant Mrs. Matthews' deposition, where she states that she knows of two other mobile homes "out that way." This is insufficient to prove a denial of equal protection of the law.

We agree that zoning ordinances must not only be non-discriminatory and reasonable but must also be applied in a non-discriminatory and reasonable manner in order to be enforceable. *Tuggle v. Manning,* 224 Ga. 29 (159 SE2d 703) (1968); *City of Rome v. Shadyside Memorial Gardens,* 93 Ga. App. 759 (92 SE2d 734) (1956). However, whether an ordinance is uniformly enforced by the authorities is a question of fact. In granting the interlocutory injunction the trial court implicitly found that appellants had not presented sufficient evidence to demonstrate that the ordinance has not been uniformly enforced or that appellants have been arbitrarily singled out for prosecution. Such a finding will not be interfered with in the absence of a showing of manifest abuse in the exercise of the trial judge's discretion to grant the injunction. Code § 55-108; *Pendley v. Lake Harbin Civic Assn.,* 230 Ga. 631 (198 SE2d 503) (1973); *Lawrence v.*

*Harding,* 225 Ga. 148 (166 SE2d 336) (1969); *Forrester v. City of Gainesville,* 223 Ga. 344 (155 SE2d 376) (1967).

Finally, appellants contend that their mobile home is a fallout shelter which does not violate the zoning ordinance. In this connection, § 3-14 of the ordinance provides: "Fallout shelters are permitted as principal or accessory uses in any district, subject to the yard requirements of the district. Shelters shall be maintained so as not to become a hazard or blight to the community." The ordinance does not provide any standards for determining whether any particular structure is a "fallout shelter." However, neither party contends that the fallout shelter provision is void as being too vague and indefinite for enforcement. Therefore, we are concerned only with whether this provision is applicable in the instant case. In support of its contention that the appellants' mobile home is not a fallout shelter, the county introduced into evidence the following: (1) an affidavit from the manager of Deep South of Georgia, Inc., a Mr. McKinnon. In his affidavit, he stated that his company has never manufactured or sold fallout shelters and that appellants purchased a mobile home from his company; (2) a xerox copy of a booklet of the U. S. Department of Defense entitled "Family Shelter Designs" which contains instructions for building 8 types of family fallout shelters; (3) the affidavit of Billy J. Clack, the Deputy Director of Civil Defense for the State, describing the construction of a fallout shelter that would provide the minimum amount of protection required by the Civil Defense Preparedness Agency of the U. S. Government before a structure would be licensed by that agency as a fallout shelter. Mr. Clack also expressed the opinion that a mobile home would not provide the required minimum degree of protection.

Appellants introduced no evidence in support of their assertion that this mobile home is a fallout shelter. They merely refer to the deposition of the zoning administrator of Fayette County, Mr. Wilbanks, in which he was unable to describe the appearance of a fallout shelter. In these circumstances, the trial court was authorized to grant the interlocutory injunction. "It is well settled that the discretion of a superior court judge

in granting, refusing or continuing interlocutory injunctions, even where the evidence is conflicting, will not be interfered with in the absence of a showing of manifest abuse." *Pendley v. Lake Harbin Civic Assn.,* p. 636, *Lawrence v. Harding, Forrester v. City of Gainesville,* all supra; Code § 55-108.

We find no error in the trial court's grant of an interlocutory injunction in this case for any reason enumerated by appellants. Therefore, the judgment of the Superior Court of Fayette County will be affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 10, 1974 — DECIDED NOVEMBER 18, 1974.

*Ray Gary, Robert E. Bach, Mary Brock Kerr,* for appellants.

*Charles T. Ballard,* for appellee.