## 29568. RICHMOND COUNTY v. PIERCE.

Hill, Justice.

Appellee Franklin H. Pierce, retired from the position of county attorney of Richmond County, filed suit against the county alleging that under the Richmond County Pension Fund Act (Ga. L. 1945, p. 748 et seq., as amended, Ga. L. 1971, p. 3881 et seq.), he is entitled to an increase in his retirement payments of 1/3 the increase being paid the present county attorney.

Plaintiff served as county attorney for 26 years, commencing on January 1, 1947. He retired on December 31, 1972, at which time he was being paid $874.44 per month as county attorney (prior to deductions for retirement). He presently is receiving $454.71 per month in retirement pay (52% of his highest monthly compensation received in the 72 months preceding retirement).

His successor was appointed January 2, 1973. By resolution on February 20, 1973, the county provided that the new county attorney "be paid a retainer fee of $900 per month effective February 1, 1973, as compensation for legal services required for general work and advice to the County Commission, its department heads and other county officials including the Board of Tax Assessors. Fees for extraordinary services for such items as litigation, real estate letters, bond issues, drafting legislation, and other comprehensive assignments, will be charged in accord with the State Bar of Georgia fee schedule or by agreement."

Through August 9, 1974, the new county attorney, or his law firm, has been paid $68,100 ($17,100 at the rate of $900 retainer per month, plus $51,000 in fees for extra services). If plaintiff had served as county attorney from January 1, 1973, to August 9, 1974, at $874.44 per month, he would have received $17,488.80.

Plaintiff sought an increase in his retirement payments of 1/3 of the increase paid his successor during the period to August 9, 1974, computed as follows: Amount paid successor, $68,100, less amount plaintiff would have received, $17,488.80, equals increase paid successor, $50,611.20, times 1/3 as retirement increase, equals $16,870.40 due plaintiff.

The undisputed evidence showed that during his years of service, plaintiff had referred certain work to other attorneys and a few times had personally received fees over and above his monthly retainer for extra services. His successor has referred work to others in his law firm. Prior to the filing of this suit, the county's checks for monthly retainer plus fees for extra services were made payable to the successor. After suit was filed, the county's checks were made payable to the successor at the rate of $900 monthly, and fees for extra services were paid by checks payable to the law firm.

Plaintiff relies upon Ga. L. 1945, p. 748, § 1 at p. 749, as establishing his rights under the Richmond County Employees' Pension Fund, and upon an amendment thereto, Ga. L. 1971, pp. 3881-3884, as establishing his right to an increase in his retirement of 1/3 the increased compensation being paid the present county attorney.

The trial court granted plaintiff's motion for summary judgment and denied the motion for summary judgment of the county, from which order the county has appealed, enumerating error as follows: (1) The trial court erred in ruling the plaintiff was properly classified as an employee under the Richmond County Employees' Pension Fund Act (Ga. L. 1945, pp. 748-763); (2) The trial court erred in ruling the amendment to the Employees' Pension Act (Ga. L. 1971, pp. 3881-3884) purporting to authorize an increase in pension benefits for retired employees, was valid even though a fiscal note was not attached to the enrolled Act as required by Ga. L. 1966, p.

573 and Ga. L. 1969, p. 570 (Code Ann. §§ 47-1302, 47-1302.1); (3) The trial court erred in holding that the county is estopped to deny plaintiff's claim because it had paid increased benefits under the amended Pension Fund Act to other pensioners; (4) The trial court erred in failing to rule the amendment (Ga. L. 1971, pp. 3881-3884) unconstitutional because said Act is proscribed by virtue of the "County Home Rule Amendment" to the Georgia Constitution, Art. XV, Sec. II (Code Ann. §§ 2-8402—2-8406); (5) The trial court erred in finding plaintiff is entitled to an increase in retirement based upon 1/3 of the total legal fees paid by the county to the present county attorney and to the law firm of which he is a member, and in not finding any increase plaintiff might be entitled to receive would be the difference in the amount plaintiff received monthly, as county attorney, and the monthly retainer fee paid the present county attorney; (6) The trial court erred in finding there was no issue of fact to be decided by a jury to establish whether plaintiff had contributed the proper amounts to the pension fund; and (7) The trial court erred in failing to sustain the county's motion for summary judgment on plaintiff's complaint.

We reverse for the reasons and on the grounds specified below.

1. The county attorney is properly classified as an employee under the Richmond County Employees' Pension Fund Act. Section 1 thereof (Ga. L. 1945, pp. 748, 749), provides in pertinent part: "Be it enacted by the General Assembly of the State of Georgia, and it is hereby enacted by the authority of the same that from and after the passage and the effective date of this Act there is created a County Employees' Pension Fund for permanent employees of the Board of Commissioners of Roads and Revenues of Richmond County, Georgia, as now or hereafter constituted, including the County Attorney who is hereby denominated as a county employee within all provisions of this Act. . ." See also Ga. L. 1961, p. 2688, § 10; Ga. L. 1963, p. 3516, § 10; Ga. L. 1967, p. 3032, § 10, Ga. L. 1971, p. 3140, § 1.

The county urges that it is against the public policy of this state for a county attorney to be classified as a county

employee for retirement purposes. The plaintiff urges that the public policy of the state is found in the Constitution, laws, and judicial decisions (*Wages v. State Farm Mut. Auto. Ins. Co.,* 132 Ga. App. 79, 82 (208 SE2d 1), and cits.). Only rarely do judicial decisions expressly overrule the public policy stated in a statute, and then only for compelling reasons. No such reasons have been demonstrated here.

The law (Ga. L. 1945, pp. 748, 749, § 1, supra), expressly provides that the county attorney of Richmond County is a county employee within the meaning of the Richmond County Employees' Pension Fund Act.

2. Where a county attorney is designated as a county employee for retirement purposes, a problem may arise, as it has here, over classification of payments made to the attorney and computation of retirement benefits due the attorney. Is the county attorney's "salary" ("compensation") the "retainer," or is it the "retainer" plus special "fees" paid for extra work?

In this case, the answer is contained in Ga. L. 1961, p. 2688, § 10, as amended, Ga. L. 1963, p. 3516, § 10, Ga. L. 1967, p. 3032, § 10, which fixed the "salary" of the Richmond County attorney and provided that deductions for the county pension law be deducted from his "salary."

Thus, as we read the law and the contract with the new county attorney (the interpretation of contracts also being matters for the courts), at most the plaintiff would be entitled to increased retirement payments amounting to 1/3 of the difference between the amount previously paid plaintiff monthly as retainer ($874.44) and the amount being paid plaintiff's successor monthly as retainer ($900).

Appellant has enumerated as error the trial court's finding that there was no issue of fact to be decided by a jury to establish whether plaintiff had contributed the proper amounts to the retirement fund. This issue relates to those few times appellee personally received fees over and above his monthly retainer. That issue has been eliminated from this case by the holding that at most plaintiff's right to increased retirement payments would be limited as stated above.

3. In the late 1960's, aware of the increasing costs of

government, the General Assembly enacted certain laws designed to inform its members of the costs to be incurred as the result of legislation, e.g., retirement bills, and to afford its members time to study such costs. See Code Ann. Ch. 47-13.

Code Ann. § 47-1302 (Ga. L. 1966, p. 573, as amended, Ga. L. 1969, p. 570) requires that the chairman of the committee to which a retirement or pension bill is referred procure a fiscal note as to the effect of such bill.

Code Ann. § 47-1302.1 (Ga. L. 1969, pp. 570, 571) requires the committee chairman to attach the fiscal note to the bill and to furnish and read said note to the members of the respective houses of the General Assembly.

It is undisputed that the enrolled Act, Ga. L. 1971, pp. 3881-3884, does not have a fiscal note attached. However, neither of these laws, cited above, requires that the fiscal note be attached to the enrolled Act.

The county argues that the fiscal note requirement is mandatory, similar to the constitutional requirement that notice by publication be given to proposed local legislation and that such notice, certified by the publisher, be attached to and made part of such bill. Code Ann. § 2-1915.

As a general rule, the courts will not question the procedure used by the General Assembly in enacting legislation. *Atlantic C. L. R. Co. v. State,* 135 Ga. 545 (1) (69 SE 725); *Capitol Dist. Co. v. Redwine,* 206 Ga. 477 (1) (57 SE2d 578). An exception to this rule exists as to the constitutional requirement of advertisement of local legislation. *Smith v. McMichael,* 203 Ga. 74 (4) (45 SE2d 431). Saye, Constitutional Law, 21 Mercer L. Rev., p. 226.

We decline to construe Code Ann. § 47-1302 so as to require the fiscal note to be attached to the enrolled Act and to enforce that section as thus construed as if it were a constitutional mandate.

4. The appellee contends that the county is estopped from challenging the constitutional validity of the 1971 amendment to the county pension fund Act. The county contends that as a public body it cannot be estopped from denying the constitutionality of an Act.

In effect conceding that the public generally is not

estopped to assert its rights, appellee contends that the county may be estopped by legislative enactment or resolution, and that the county is estopped in this case by its resolutions granting 39 other retired employees increased retirement pay under the 1971 amendment (Ga. L. 1945, p. 748, as amended, Ga. L. 1971, p. 3881).

Code Ann. § 89-903 provides in part that "The public may not be estopped by the acts of any officer done in the exercise of a power not conferred." In *Stewart v. Davidson,* 218 Ga. 760, 764 (130 SE2d 822), it was held that the members of a board of education could challenge the constitutionality of a state law.

In *Alexander v. State of Ga.,* 56 Ga. 478 (7), it was said that "The state can only be estopped from asserting her right to her own property by legislative enactment or resolution." In that case, however, it was held that the state was not estopped by a promise of civil and criminal immunity made by an attorney retained by the Governor under resolution of the General Assembly to seek recovery of funds due the state-owned Western & Atlantic Railroad.

In *State v. Paxson & Cannon,* 119 Ga. 730 (1) (46 SE 872), it was held that the state was not estopped by action of the comptroller general acting without authority, i.e., acting under a general law of the state which was not applicable to the state.

In *Booth v. State,* 131 Ga. 750 (3) (63 SE 502), and *Standard Oil Co. v. State Revenue Comm.,* 179 Ga. 371 (6) (176 SE 1), the state was held not to be estopped. In *State Hwy. Dept. v. Strickland,* 214 Ga. 467, 472 (105 SE2d 299), the court said: "We find no case in this state in which the doctrine of equitable estoppel has been held to apply against the state. . ."

Plaintiff nevertheless contends that the county's resolutions in 1972 and 1973, raising retirement payments for 39 other retired employees creates an estoppel against challenging the 1971 amendment. This contention was decided against plaintiff in *Drost v. Robinson,* 194 Ga. 703 (4) (22 SE2d 475), where the court held that the county commissioners and treasurer of Richmond County were not estopped to deny disability pension rights to disabled deputy sheriffs

notwithstanding the fact that the county had collected salary deductions from such employees and the commissioners had passed an order adjudging that the employees were entitled to disability benefits. We view that order as if it were a resolution. In that case the court said (p. 711): "County officials are never estopped from insisting upon an observance of the law applicable to their offices."

In this day and time when a public officer can be held accountable for acting under an unconstitutional law, such officer should be able to challenge its constitutional validity (*Stewart v. Davidson,* supra), and should not be estopped to do so. A power conferred by a legislative Act, which Act violates the Constitution, is a "power not conferred" within the meaning of Code § 89-903, supra. That is to say, the public cannot be estopped by the acts of any officer done in the exercise of a power conferred by an unconstitutional Act. The county is not estopped in this case to question the validity of the 1971 amendment.

5. The Home Rule for Counties amendment to the Constitution, Art. XIV, Sec. II (A), Pars. I-V, Code Ann. §§ 2-8402 through 2-8405, was adopted in 1966. In Par. I of that amendment, Code Ann. § 2-8402, the General Assembly exempted certain matters from county home rule (sub-par. (c)) and provided for concurrent authority (the General Assembly and the counties) as to other matters (sub-pars. (a) and (b)).

Paragraph III of the Home Rule amendment, Code Ann. § 2-8404, relates to zoning in the unincorporated areas of the county. In *Johnston v. Hicks,* 225 Ga. 576 (170 SE2d 410), the court held that Par. III vested sole authority over such zoning in the counties; i.e., the amendment divested the General Assembly of authority to enact county zoning laws.

A review of the Home Rule for Counties amendment clearly shows that Par. II thereof (Code Ann. § 2-8403), relating to compensation, retirement, etc., of employees of the county governing authority, has the same effect as Par. III relating to zoning. Therefore, Par. II vested sole authority over compensation, retirement, etc., employees of county governing authorities, in the county governing authorities; i.e., Par. II divested the General

Assembly of authority to enact a retirement Act for Richmond County. The General Assembly therefore was without authority to enact the 1971 amendment to the Richmond County Pension Fund Act (Ga. L. 1971, p. 3881).

6. The holding in the foregoing division of this opinion does not necessarily mean that the plaintiff cannot recover in this litigation, nor does it mean that the increased retirement payments awarded the 39 other retired employees under the 1971 amendment are necessarily invalid.

The resolutions increasing retirement payments adopted by the governing authority of Richmond County under the invalid 1971 amendment may be authorized under home rule (Code Ann. § 2-8403).

Plaintiff's contention, heretofore noted, that the county is estopped by resolution to award increased retirement pay to other retired employees and to deny such increase to him, becomes material at this point. In connection with his estoppel argument, plaintiff has urged that he is being denied equal protection of the law, and in this he may be correct. Because plaintiff has raised the question of equal protection, we consider it, rather than find that it was raised against the wrong target. The county cannot award increased retirement benefits to some retired employees and deny it to other retired employees similarly situated. *Franklin v. Mayor &c. of Savannah,* 199 Ga. 426 (2) (34 SE2d 506). (Neither party has questioned whether a county may grant increased retirement payments to retired employees (see Code Ann. § 2-5402 (1)(2)(15)(17)), and we do not decide that question.)

Because the court below erred in finding the county estopped to attack the 1971 amendment (Division 4) and thus did not reach the constitutional (Division 5) and home rule (Division 6) questions, the trial court and the parties have not considered whether a county may, by home rule resolution, increase retirement payments to retired employees, whether plaintiff is similarly situated with other retired employees and whether he is being denied equal protection of the laws. The determination of whether plaintiff is similarly situated with other retired

employees is a question of fact in the first instance, which may or may not be disputed. In any event, such facts do not appear in the record before us. Having failed to produce undisputed evidence that he is similarly situated with other retired employees who have received increased retirement payments, plaintiff is not entitled, as a matter of law, to summary judgment in his favor. The grant of summary judgment in favor of plaintiff must therefore be reversed.

For this same reason (the county's failure to produce undisputed evidence that plaintiff is not similarly situated with other retired employees), the denial of the county's motion for summary judgment was not error.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 15, 1975 — DECIDED APRIL 8, 1975 — REHEARING DENIED APRIL 30, 1975.

*Congdon, Williams & Daniel, W. Barry Williams,* for appellant.

*McGahee, Plunkett, Benning & Fletcher, Leonard O. Fletcher, Jr., Jack E. McGahee,* for appellee.