Donald S. Weaver *v.* Jack F. Tracy et al. Jack F. Tracy, Raymond G. Herr and Jean D. Mowery, Commissioners of the County of Lancaster, Appellants.

Donald S. Weaver *v.* Jack F. Tracy et al. William E. Chillas, Appellant.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

272

*W. Jeffrey Sidebottom, Barley, Snyder, Cooper & Barber,* for appellant, Jack F. Tracy et al.

*David E. Lehman, McNees, Wallace & Nurick,* for appellant, William E. Chillas.

*John I. Hartman,* with him *S. R. Zimmerman, III,* for appellee.

OPINION BY JUDGE ROGERS, October 27, 1981:

We have consolidated the appeals of the County Commissioners and the Solicitor of Lancaster County from a judgment of the Court of Common Pleas of Lancaster County declaring that the method employed by the Commissioners to fix the amount of the Solicitor's remuneration was unlawful.

The record shows that from 1973 to 1977 the County Solicitor received in annual salary amounts ranging from $8,000 in 1973 to $17,000 in 1977. In September, 1977, one William E. Chillas was appointed Solicitor and he and the Commissioners agreed that Chillas' remuneration would be the product of the number of hours he spent performing his duties times $45. It ap-

pears from the Controller's Petition for Declaratory Judgment that Mr. Chillas submitted hourly time sheets to the county between September, 1977, and the end of August, 1978, which, at the rate agreed upon, would produce pay in excess of $38,000.

The Honorable W. HENSEL BROWN, Senior Judge for the Court below found the $45 an hour basis for compensation for the County Solicitor to be violative of Article XVI of the County Code and ordered "the Salary Board of Lancaster County [to] set a fixed salary of the County Solicitor at a total dollar amount for a set period of time in advance of the work to be performed." We affirm.

Section 1605 of the County Code, Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §1605, provides in pertinent part:

> Officers Subject to This Subdivision to be Paid Salaries
>
> All county officers to which this subdivision applies, whether elected by the people or appointed according to law, and their several deputies and clerks, shall be paid for their services by fixed and specific salaries. . . .[1]

The class of county officers subject to this provision is defined in Section 1601 as "any county officer, either

---

[1] Section 1605 at this point continues ". . . which shall be a charge upon the treasury of the county to which each shall respectively belong, to the extent, except as provided in section one thousand six hundred eight, of the fees collected and paid in by each officer respectively, or earned, where fees are chargeable upon the county treasury, and said salaries shall be paid weekly, bi-weekly, semi-monthly or monthly during the month in which the services were rendered, at the discretion of the county commissioners of the county." Section 1608, to which reference is made, excepts county solicitors and the holders of other county offices which do not collect substantial fees from that part of Section 1605 which limits the

elected or appointed . . .'' which class includes county solicitors. *See Snyder v. Naef,* 36 Pa. Commonwealth Ct. 39, 389 A.2d 212 (1978).

The issue for our review, therefore, is whether the scheme of remuneration here presented is a "fixed and specific salary" within the meaning of Section 1605. We agree with the Lancaster County Court of Common Pleas that $45 per hour for services performed as County Solicitor is not the fixed and specific salary required by the County Code. The latest edition of Black's Law Dictionary defines "salary" as follows:

> A stated compensation paid periodically as by the year, month, or other fixed period, in contrast to wages which are normally based on an hourly rate.

Black's Law Dictionary (5th Ed. 1979) pg. 1200. In the context of this case, the word salary denotes the same arrangement as the familiar lawyer's retainer, *see e.g. Richmond County v. Pierce,* 234 Ga. 274, 215 S.E. 2d 665 (1954); and is inconsistent with hourly billing.

The petitioners place great store in decisions of the Supreme Court of Pennsylvania defining "salary" in very broad terms where it is used to describe moneys of working persons exempted by statute from foreign attachment. *See e.g. Dunn v. Printing Corporation of America,* 245 F. Supp. 875 (E.D. Pa. 1965); *Sheryl Records, Inc. v. The Cyrkle,* 431 Pa. 299, 245 A.2d 454 (1968); *Commonwealth ex rel. Wolfe v. Butler,* 99 Pa. 535 (1882), construing Section 5 of the Act of April

---

charge against the county treasury to the total amount of fees collected. The petitioners argue that because Section 1608 does not contain the phrase "fixed and specific salary" that it should be inferred that county solicitors are excepted from that requirement as well. The statute considered as a whole provides no support for such an inference.

15, 1845, P.L. 459 *formerly* 42 P.S. §886, repealed by Section 2(a)[212] of the Act of April 28, 1978, P.L. 202, No. 53. *See* Section 8127 of the Judicial Code, 42 Pa. C. S. §8127. These cases, in which the issue was whether the statute in question exempted workers' pay from summary attachment by their creditors, are inapposite. Here the issue is whether the County Code's requirements that the County Solicitor should be paid by fixed and specific salary is met by a provision for compensation, the annual amount of which is the product of $45 per hour times the wildly indeterminate number of hours the Solicitor might consume in performing the public service. Counties, as other governmental entities, are required to prepare annual budgets so that the members of the public may know in considerable detail the uses to which it is proposed the revenues they provide will be made and to complain if they wish. *See* Section 1781 of the County Code, 16 P.S. §1781. The county budget must "reflect as nearly as possible the estimated . . . expenditures for the year for which it was prepared." 16 P.S. §1783. Once adopted, the budget may not be amended so as to increase any item by more than twenty-five per cent. 16 P.S. §1782.1. County Commissioners are severely limited in the amount of funds they may borrow to meet current deficits caused by underestimating expenditures. 16 P.S. §1771.

These considerations and most particularly that of the desirability as a matter of policy that the public know what spending is proposed and for what purpose compel the conclusion that the requirement of fixed and specific salaries is imposed so that a fixed and specific liability may be imposed on the county treasury for inclusion in the annual budget. The payment of counsel by the hour and without limitation proposed by the County Commissioners here is not the provision of a fixed and specific salary.

Our conclusion is further buttressed by definitions of the word salary which limit its application to methods of payment based on "[a] fixed annual periodical amount payable for services and depending upon the time of employment and not the amount of services rendered." *See e.g.* Black's Law Dictionary (4th Ed. 1978) pg. 1503, *In re Information to Discipline Certain Attorneys of Sanitary District of Chicago*, 351 Ill. 206, 184 N.E. 332 (1932). Inherent in this definition is the generally accepted notion that the periodic payments for services which constitute a salary are regular in their frequency and amount and are independent of the amount of work accomplished or services rendered during the period; payment on an hourly basis places the primary emphasis on the amount of time spent in the public service rendered and, therefore, for this purpose is not a salary.

Finally, we are totally unpersuaded by the petitioners' contention that payment by the hour is a common and accepted method for the payment of attorneys in private practice and should be used in public service. As Judge HENSEL BROWN who wrote the opinion below succinctly and correctly reminds us

[w]e are not talking about private practice. Rather we are discussing public service . . . The principle of 'fixed and specific' salary is clearly to let the public know the limit of what is going to be paid before the work is done. If the individual does not like the statutory limitation and definition of the office, insofar as compensation and duties are concerned, he need not accept the appointment.

Order affirmed.

### ORDER

AND Now, this 27th day of October, 1981, the Order of the Court of Common Pleas of Lancaster County is affirmed.