Frank Golumbeski et al., Appellants *v.* Francis Zabowski et al., Appellees.

Argued March 5, 1982, before President Judge CRUMLISH and Judges BLATT and DOYLE, sitting as a panel of three.

*John L. McDonald*, for appellants.

*Chester F. Dudick, Jr.*, with him *Joseph P. Mellody, Jr.*, for appellees.

OPINION BY JUDGE DOYLE, August 12, 1982:

Frank Golumbeski, George Pollock and Anna Pollock (Appellants) initiated this action on January 23, 1981, against The Mountaintop Area Joint Sanitary Authority and the nine directors thereof (Authority). Appellants seek relief in the form of surcharge and refund, and the ouster of the directors from future membership on the Sanitary Authority. In response to the complaint, the Authority filed certain preliminary objections pursuant to Pa. R.C.P. 1017. On May 12, 1981 the court of common pleas filed an opinion and order which sustained the motion for a more specific pleading, objection to the misjoinder of causes of action, and a demurrer. The court granted Appellants thirty (30) days to amend the complaint. On June 17, 1981, following the failure to amend the complaint, and upon the Praecipe of Appellants, Judgment of Non Pros was entered by the Court.

It is well established that a demurrer admits as true all well-pleaded material facts included in the complaint but does not, however, admit conclusions of law. *Reardon v. Wilbur*, 441 Pa. 551, 272 A.2d 888 (1971).

By failing to amend, Appellants chose to stand on the merits of their complaint in which they allege that the Authority twice illegally adopted amended budgets for the year 1980 so as to allow for increased operating expenses. Before this Court, Appellants contend that their complaint was sufficient because

the amended budgets clearly violate a requirement of fixed and specific expenses for professional services, that they are violative of public policy principles in general and that it is illegal to amend budgets as a matter of common law.

In support of their assertions Appellants cite decisions of this Court which are not applicable to the facts of the case at bar. For example, in *Weaver v. Tracy*, 62 Pa. Commonwealth Ct. 271, 436 A.2d 253 (1981), we held that an agreement whereby the County Solicitor, *as a county officer,* would receive remuneration for services rendered at an hourly rate violated the "fixed and specific salary" provision of Section 1605 of the County Code.[1] The Authority was organized, and now functions, under the terms of the Municipality Authorities Act of 1945 (MAA).[2] While the budgets challenged herein contain general appropriations for professional services in amounts increasing with each amendment, Appellants have at no time set forth any provision of the MAA, nor can we find any, which restricts the Authority to paying for said professional services in terms of "fixed and specific salaries." Moreover, even if there were such a provision, no facts have been alleged which could lead one to conclude that the professionals involved are officers of the Authority receiving wages as opposed to private contractors being paid for services specifically contracted for.[3]

Similarly, in *Cotlar v. Warminster Township*, 8 Pa. Commonwealth Ct. 163, 302 A.2d 859 (1973), we

[1] Act of August 9, 1955, P.L. 323, *as amended,* 16 P.S. §1605.

[2] Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §§301-322.

[3] Also weighing in the Court's decision were specific provisions of the County Code requiring budgets to be as accurate as possible and *severely restricting* amendments to the budget and the ability of counties to borrow to meet deficits. Analogous provisions and restrictions are absent from the MAA.

upheld a surcharge against township supervisors for amounts paid to them by the township for self-assigned duties over and above those statutorily prescribed by the Second Class Township Code[4] on the grounds that the actions of the supervisors were violative of specific provisions of that Code delineating the duties of public officials and limiting payments to them. This Court also cited the strong public policy interest against permitting public officials to assign themselves public duties for which they receive additional compensation or otherwise act in their own self-interest, even if done in good faith. Appellants in the instant case have not made any allegations that the officers of the Authority, by amending the budget, were similarly violating the MAA or in any way acting in their own self-interest.

Finally, Appellants cite to *Tate v. Antosh,* 3 Pa. Commonwealth Ct. 144, 281 A.2d 192 (1971), a case arising under the First Class City Home Rule Act (FCCHRA),[5] for the proposition that, absent express authority permitting it, amending a budget is illegal. This argument is based on *Tate's* discussion of the fact that the City of Philadelphia could not be compelled to make payments to honor valid contracts in amounts over and above the amount actually appropriated for that purpose. Even putting aside the fact that *Tate* dealt with specific limitations on expenditures imposed by the FCCHRA for which there are no analogous restrictions in the MAA, we must disagree with Appellants' logic. *Tate* involved a labor arbitration award for disability payments to employees of Philadelphia for which the City failed

---

[4] Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§65101-66964.

[5] Act of April 21, 1949, P.L. 665, *as amended,* 53 P.S. §§13101-13157.

to make a sufficient appropriation. Payments were, as a result, terminated part way through the fiscal year. We held that absent an appropriation the City could not be compelled to continue payments but that, because of the nature of the obligation, the City was liable at some point to make the proper appropriation —a liability that otherwise would not accrue. *See O'Donnell v. Philadelphia*, 385 Pa. 189, 122 A.2d 690 (1956). Thus, while pursuant to cases such as *Tate* and *O'Donnell* it may be argued that obligations of a government body in excess of appropriations are generally not immediately binding, these cases do *not* imply that, as a matter of common law, the governmental body itself cannot amend its budget to make additional appropriations to enable disbursements of funds pursuant to its contracts or to meet other legitimate purposes of that body.

In light of the foregoing discussion, the fact that Section 306(n) of the MAA, 53 P.S. §306(n) permits the Authority ''[t]o do all acts and things necessary or convenient for the promotion of its business and the general welfare of the Authority, to carry out the powers granted to it by this Act or any other acts'' and the fact that Appellants have failed to allege specific violations of the MAA or that funds have been appropriated for improper purposes we must affirm the common pleas court's sustaining of the demurrer.[6]

Accordingly, we enter the following

ORDER

Now, August 12, 1982, the order of the Court of Common Pleas of Luzerne County, in the above captioned matter, at No. 305-C of 1981, is hereby affirmed.

---

[6] Having so done, we need not address collateral issues raised by the Appellants.

Judge MENCER did not participate in the decision in this case.